THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CAR-
RIE R. MORSE, Appellant.

(Submitted June 8, 1885 ; decided June 23, 1885.)

DEFENDANT was indicted and convicted of the crime of grand
larceny.

The evidence was in substance that the defendant advertised
for a clerk. A Miss Herder applied for the position and was
advised that defendant required a deposit of $600 in cash, as a
security for the faithful performance of the duties of the posi-
tion. Miss Wilson, the complainant, thereupon delivered to
defendant six $100 bills, who executed and delivered to Miss
Wilson an instrument, of which the following is a copy :

"NEW YORK, *October* 12, 1882.

"Miss Helen Wilson has this day deposited in my hands six
hundred dollars ($600) as security for the faithful performance
of the duties of Miss Hattie M. Herder, who it is agreed shall
enter my employ on Monday, October 23, 1882, and will con-
tinue to work for me every day except Sundays, from 10 A. M.
till 3 o'clock, P. M., at the salary of twelve dollars per week
($12), payable weekly, for the term of six months or longer if
mutually agreeable. It is further agreed that if either Miss
Hattie M. Herder or myself wish to terminate this contract,·

either party must give thirty days' notice, in which case this six hundred dollars will be returned to Miss Helen Wilson, and all salary due Miss H. M. Herder paid to said Miss H. M. Herder up to date of her leaving my employ. I also agree to pay six per cent interest on this six hundred dollars ($600) during the time it remains in my hands, payable to Miss Helen Wilson.

(Signed)        Mrs. C. R. MORSE."

Defendant, shortly after the receipt of the money, disappeared.

The following is the *mem.* of opinion :

"There is no dispute but that the defendant was guilty of a crime in obtaining and appropriating the money of Miss Wilson ; but her counsel claims that the crime was procuring the money by false pretenses and not grand larceny of which she was convicted. It is conceded by the district attorney that if Miss Wilson intended to part not only with the possession but also with the title of the money, then the defendant could not be properly convicted of grand larceny, but could be convicted only of the crime of false pretenses. It is also conceded by the defendant's counsel that if Miss Wilson intended to part with the possession of the money only for a particular purpose and not with the title, then, upon the facts of this case, the defendant was properly convicted of grand larceny. The rules of law applicable to such a case as this have been so clearly laid down and so thoroughly discussed in various cases in this court that a further statement or examination of them at this time is wholly unnecessary. (*People* v. *McDonald*, 43 N. Y. 61; *Smith* v. *People*, 53 id. 111; *Hildebrand* v. *People*, 56 id. 394; *Loomis* v. *People*, 67 id. 329 ; *Zink* v. *People*, 77 id. 122; *Thorn* v. *Turck*, 94 id. 95.) No just complaint can be made of the charge of the trial judge to the jury. He charged : ' If you are satisfied from the evidence beyond any reasonable doubt that it was the design of the defendant, Carrie R. Morse, to fraudulently and feloniously obtain the complainant's money and convert it absolutely to her own use without the complainant's consent, and that in pursuance of that design the defendant so obtained $600 by the means and in the manner and under the circum·

stances testified to by the People's witnesses, with the intention of converting the money absolutely to her use without the consent and against the will of the complainant, and that the complainant did not intend to part with the $600 absolutely, but only gave the accused temporary possession thereof as security for the faithful performance of the duties of Hattie M. Herder, I charge you that you can and ought to convict the defendant of grand larceny — otherwise, she should be acquitted. Did she part with the money for the specific purpose of securing the defendant against any loss by reason of the acts of Hattie M. Herder while in her employ? Was that the only reason she parted with it? Was that the intention she had when she gave up the physical possession of it to the defendant? If such you find to be the fact, and then you further find, as I have instructed you here, that all the acts disclosed by the evidence do constitute a scheme, a trick and device for the purpose of feloniously getting the money, then your verdict shall be guilty,' and further to the same effect.

" The intention of Miss Wilson must be derived from all the facts of the case. Did she intend to part, not only with the possession, but with the title of the money, or did she simply intend to pledge the money as security, retaining the title thereto? In determining these questions we are not confined exclusively to the instrument that was executed between Miss Wilson and the defendant at the time of the delivery of the money, because that instrument was obtained by fraud, and was one of the tricks and devices by which the crime was consummated, and it is not conclusive as to the precise intention and agreement of the parties upon the trial of the defendant for the crime. But in that instrument it is stated that the $600 was deposited as security for the faithful performance of the duties of Miss Herder; and it is apparent from the instrument itself that that was the sole purpose for which the deposit was made. It is stated in the instrument that if Miss Herder or the defendant should wish to terminate the contract either party should give thirty days' notice, in which case it is provided that 'this $600,' the identical $600, should be returned. It is further stated that interest at six per cent should be paid

by the defendant on 'this' identical $600 during the time it remained in her hands. But reading the instrument in the light of all the circumstances accompanying and preceding its execution, we think it was competent for the jury to find that Miss Wilson did not intend to part with the title to the $600, and that, therefore, their finding that the defendant was guilty of grand larceny can be upheld.

"The judgment should be affirmed."

*Henry A. Meyenborg* for appellant.

*DeLancey Nicoll* for respondent

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.