# THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BRUNO W. GOTTSCHALK, Appellant.

*Crimes — the distinction between larceny and obtaining property by false pretenses — the intention to pass the title.*

Bruno W. Gottschalk was convicted of grand larceny in the second degree upon an indictment which charged that he, with force and arms, feloniously did steal, take and carry away the money and property of Joseph Weiss.

Upon the trial the evidence showed that Weiss, having advertised for the position of collector, Gottschalk called upon him, represented that he was engaged in a legitimate business, and employed Weiss as a collector; that thereupon Weiss deposited $200 with Gottschalk as security, and received a receipt and contract of employment by which Gottschalk agreed to return the money at the termination of the employment; that Weiss, having found out that the business was not legitimate, his employment was duly terminated, and Gottschalk promised to return the money, but did not, and went away to another State, that Gottschalk designed to steal the money of Weiss, and made the representations in question to induce Weiss to deposit his money with him.

The defendant moved to strike out the testimony tending to establish these facts upon the ground that the indictment charged larceny by trespass, while the evidence indicated that the property had been obtained through false representations.

Upon an appeal by the defendant from a judgment of conviction:

*Held,* that the conviction was proper.

That the proof established the crime of larceny by trick and device at common law, which constituted larceny within the Penal Code.

That, as the offense had been committed, it was not affected by the fact that Weiss subsequently entered into negotiations with Gottschalk, under which the latter promised to return the money, but did not do so.

That the distinction between the crime of larceny and that of obtaining property by false pretenses, turned upon the intention of the owner to part with the title to his property; that if he, although deceived, intended to part with the title, the defendant could not be found guilty of larceny, but if, as in the case of Weiss, the owner never intended to part with the title, and parted with the possession to one who took the property *animo furandi*, the crime of larceny at common law and within the Penal Code was made out.

*People* v. *Dumar* (106 N. Y. 502) distinguished.

Appeal by the defendant Bruno W. Gottschalk from a judgment, entered in the office of the clerk of the city and county of New York on the 18th day of April, 1892, sentencing the defendant to imprisonment for the term of four years and ten months, upon a conviction of the crime of grand larceny in the second degree, after

a trial at the Court of the General Sessions of the Peace of the city and county of New York before the court and a jury.

*Edward Grosse,* for the appellant.

*Henry B. B. Stapler,* for the respondent.

O'BRIEN, J.:

This appeal is taken upon a pure question of law, as to whether the crime charged in the indictment was the crime proven upon the trial. The indictment charged that the defendant, "with force and arms, feloniously did steal, take and carry away the money and property of Joseph Weiss." It is conceded that the following facts, which are concisely stated in the bill of exceptions, were established by the people upon the trial: That one Joseph Weiss published, on or about November 11, 1891, an advertisement in the city of New York, in which the said Joseph Weiss applied for a position as clerk or collector, and offered to give security for the faithful performance of his duty. That thereupon, in the city of New York, on or about the said 11th of November, 1891, the defendant called on said Joseph Weiss, and represented that he was engaged in a legitimate business in which he needed the services of a clerk or collector who could deposit security for his honesty. That thereupon the said Joseph Weiss paid over to said defendant, and deposited with said defendant the sum of $200, not intending to part with the title of said $200, but only to pledge the said money as security, retaining the title thereto, and received from the said defendant a certain receipt and contract of employment, by the terms of which the said defendant undertook to return the said sum of $200 on the termination of the contract of employment, and that said contract of employment would be determined on a notice of thirty days by said Joseph Weiss to defendant. That said Joseph Weiss entered the said service of defendant, but found out that his business was not a legitimate one, and on or about the 9th day of December, 1891, gave defendant notice, in accordance with the requirements of the contract, that he would terminate the contract. That defendant promised and agreed to repay and return the sum of $200 as follows: One hundred dollars on February 1, 1892,

and one hundred dollars on March 1, 1892, but that, on or about January 11, 1892, defendant left for Chicago and did not return any part of said $200, but that said defendant designed to steal the same and to appropriate the same at the time said Weiss made said deposit of $200 and entered the employment of said defendant, and at the time he made his said statements and representations to said Joseph Weiss. That said statements and representations were made by the defendant in order to induce the said Weiss to make the said deposit with the defendant. The defendant's attorney objected to the introduction of this evidence at the proper time on the ground that the facts were not stated in the indictment. The objection was overruled. Defendant excepted.

The defendant moved to strike out the testimony on the ground that the indictment charged that the larceny was committed by trespass, while the proof showed that the larceny, if any, was committed by obtaining the property through false and fraudulent representations, which fact was not pleaded in the indictment.

The court held that the facts stated tended to prove a larceny by trick and device, and the indictment was sufficient to admit proof of these facts. The defendant excepted to this ruling. Other witnesses were called by the prosecution to confirm the testimony of Joseph Weiss, but the testimony did not vary the version of the facts as stated by Joseph Weiss, and at the close of the testimony for the people the defendant's counsel moved that the court direct the jury to acquit the defendant on the grounds: 1. That the crime alleged was not proven. 2. That the facts alleged in the indictment were not proven. 3. That the facts proven varied materially from the facts alleged in the indictment.

The court denied the defendant's motion, and defendant excepted to it. The court then charged the jury, and the jury found a verdict of guilty of larceny in the second degree.

Between the indictment and proof it is insisted by the appellant that there was a fatal variance, in that the act alleged is a forcible taking of complainant's money, which, it is claimed, was not proven; while what was proved was the fraudulently inducing of Weiss to deliver the money to defendant, defendant's duty to repay it on termination of the contract, and his neglect to comply with this duty, which, it is claimed, were not alleged.

It will thus be seen that the appellant seeks to bring this case within the principle of *People* v. *Dumar* (106 N. Y., 502). We think, however, that an examination of what was decided in that case will show the distinction which the appellant seemingly overlooks. That case is authority for the proposition that, under the provisions of the Code of Criminal Procedure prescribing the form of the indictment, it must charge both the crime and the act constituting it, and that the omission of either is fatal. That case, therefore, held, where an indictment for grand larceny charged the act constituting the crime thus, that defendant "unlawfully and feloniously did steal, take and carry away" the property described, that it could not be sustained by proof that the defendant obtained possession of the property from the owner upon a sale on credit induced by false and fraudulent representations. The distinction between these two crimes as they existed at common law is clearly pointed out, and, as therein said: "In order to constitute larceny there must have been a taking of personal property against the will of the owner. The other offense (false pretenses) could not be confounded with it. In either case the property may have been obtained by artifice or fraud, but if in one the owner intended to part with his property absolutely and to convey it to the defendant, but in the other intended only to part with the temporary possession for a limited and specific purpose, retaining the ownership in himself, the latter case would be larceny, but the former would not. It was, therefore, uniformly held that if a person, through the fraudulent representations of another, delivered to him a chattel, intending to pass the property in it, the latter could not be indicted for larceny, but only for obtaining the chattel under false pretenses."

It is therein further shown that "The Penal Code * * * swept away the theory by which the courts had felt constrained to distinguish them in principle. By it larceny is so treated (chap. 4) as to include, not only that offense as defined at common law and by the Revised Statutes (2 R. S. 679, 690), but also embezzlement, obtaining property by false pretenses, and felonious breach of trust."

* * * Therefore, under the Penal Code, there are at least four distinct and separate acts or ways by which a person may commit or be guilty of larceny. The first embraces larceny as described at common law and under the Revised Statutes (*supra*);

the second embraces the offense formerly known as obtaining property by false representations.

This case is, therefore, undoubted authority for the position that one who has been indicted for larceny for doing the first act cannot be convicted of larceny for doing the second.

No question, however, can here arise as to this being a good indictment for larceny at common law; and if the facts given in evidence were sufficient to sustain the crime of larceny at common law, then there is no variance between the indictment and the proof. At common law, when the owner of property, induced by false and fraudulent representations, intends to part with the title thereto, the crime of procuring property by false representations is committed, and not the crime of larceny. Where, however, the intention not to part with the title to the property appeared, even though possession thereof may have been obtained by trick, device or fraudulent representations, it was larceny. This distinction, we think, is very well pointed out in the case of *Smith* v. *People* (53 N. Y., 111; 13 Am. Rep., 474), wherein it was held that, if by trick or artifice the owner of the property is induced to part with the custody or naked possession to one who receives the property *animo furandi*, the owner still meaning to retain the right of property, the taking will be larceny. In this case it is conceded that Weiss did not intend to part with the title to the $200, but only to pledge the said money as security, retaining the title thereto; that the appellant afterwards appropriated the $200, and that his design at the time the complainant made the said deposit was to steal the same.

The intention of Weiss to retain the title while parting with the possession of his money, and the intention of the prisoner to steal the same at the time of obtaining possession, are not affected by the subsequent negotiations to obtain, on the part of Weiss, a return of his property. It is absurd for appellant to claim, after having, without the consent of Weiss, stolen his $200, that this act which constituted the crime of larceny was in any way changed or affected by the subsequent negotiations between the parties relative to Weiss' obtaining a return of the same, and that, because the appellant agreed to make such return at a period subsequent to the indictment, the crime could not be committed until this period had expired by his then refusing to return the money.

The distinction which we have sought to point out between the crime of larceny and false pretenses we think is clearly supported by the cases of *People* v. *Morse* (99 N. Y., 662), and *Soltau* v. *Gerdau* (119 id., 380). In the former the indictment was for common-law larceny, and there, as here, the appellant contended that the crime established was the crime of obtaining money by false pretenses, and the test applied, as to whether it was one or the other, was the intention to part or not to part with the title of the property at the time possession thereof was taken from the true owner. We think, therefore, that where it is conceded, as in this case, that the complainant did not intend to part with the title to the $200, and that the defendant received the same with the intention of stealing it, and did steal it, the crime committed was common-law larceny, and not larceny by false pretenses. And where, as here, the proof tended to support and was directed to establish the crime of larceny at common law and as defined in the Penal Code — and as the crime charged in the indictment was the crime of larceny as it existed at common law and under the Code — there was no material variance between the facts proven and those alleged. The vice in appellant's argument is due to his assuming, throughout, that the proof tended only to support the crime of statutory larceny by false pretenses, whereas, as we have shown, the facts did establish larceny at common law.

We are of opinion, therefore, that the conviction should be affirmed.

VAN BRUNT, P. J., and LAWRENCE, J., concurred.