THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN F. EVANS, Appellant.

*Larceny — obtaining money by trick or device as security, from one seeking employment — form of the indictment.*

The crime of larceny, within the first paragraph of section 528 of the Penal Code, is committed when a person, by trick or device, with the intent to deprive the owner thereof, and convert it to his own use, obtains possession of money deposited with him by the owner thereof as security, and not as a loan, to be

returned at the termination of a contract for the employment of the owner of the money.

In such a case an indictment which charges that the defendant "feloniously did steal, take and carry away" the property of the complainant described therein, without charging the means by which the property was obtained, is sufficient to support a conviction.

An indictment which charges that the defendant took ·$300 in United States notes and also "divers other" bank notes of the value of $300, charges the taking of $600, and will, in respect to the amount, sustain a conviction for grand larceny.

APPEAL by the defendant, John F. Evans, from a judgment of the Court of General Sessions of the Peace in and for the city and county of New York, rendered and entered on the 11th day of August, 1892, upon the verdict of a jury, convicting the defendant of the crime of grand larceny in the first degree.

*P. J. McManus,* for the appellant.

*Henry B. B. Stapler,* for the respondent.

FOLLETT, J.:

The following facts were established by uncontradicted evidence, indeed, the defendant, who was a witness in his own behalf, testified to the most of them:

In 1892 the defendant was engaged in the laundry business at No. 2160 Seventh avenue and in the stove business at No. 35 Peck slip, but whether this latter business was carried on on his own account does not appear. In the latter part of March, 1892, either on the twenty-eighth or thirty-first, the defendant caused to be published in the *World* newspaper an advertisement, of which the following is a copy : " Manager. A young man as manager, who can loan or invest $600 to $800 ; salary $18 ; money secured ; experience unnecessary."

The complainant, Carl Sophers, who came to this country from Denmark in April, 1891, saw the advertisement and wrote the defendant, who replied. The result of the correspondence was that the complainant and his wife called on the defendant at No. 35 Peck slip on the 1st day of April, 1892. Later in the day, the three in company went to the laundry at No. 2160 Seventh avenue. On that day an oral contract was entered into between the complainant and the defendant, by which the former was engaged to superintend

the laundry for 'eighteen dollars per week, and at the same time the complainant agreed to deliver to the defendant $600 as security, he testified, for his good conduct and integrity in the management of the business. The defendant testified that the contract was that the sum should be loaned to him. This was the issue of fact on which the case turned, and about which more will be said later on.

The parties agreed to meet on Monday, April fourth, at the office of William King Hall, who was defendant's legal adviser. His office was on the corner of Warren and Church streets in this city. The complainant, his wife and the defendant met at the time and place mentioned. Hall drafted and the defendant executed and delivered to the complainant a mortgage on all his right, title and interest in the machinery, furniture and fixtures, and all other goods and chattels in the premises occupied by him as a laundry at No. 2160 Seventh avenue, to secure the payment of $600 on or about July 4, 1892. It will be observed that the mortgage does not provide for the payment of interest. It was then agreed that the complainant should begin work on the following Monday, April eleventh, at which time he went to the laundry to begin service, but, the defendant saying that certain repairs were being made which were uncompleted, the time of the commencement of the complainant's employment was postponed until Wednesday, the thirteenth, on which day, at the defendant's request, the time of beginning work was again postponed until Monday, April eighteenth, when the complainant began work. At the end of the first week the complainant was paid eighteen dollars, his stipulated wages; at the end of the second he was paid fifteen dollars; at the end of the third, twelve dollars; and at the end of the fourth, ten dollars. Immediately after this the complainant stopped working for the defendant, and demanded the return of his money, which has never been returned.

June 22, 1892, the defendant was arrested on the charge of having stolen the $600. On his person four advertisements were found, all of which had been published in the *World*, and of which the following are copies:

"For sale. $300 cash; profitable business; experience unnecessary; plenty of machinery; experienced hands; call to-day. Purdy, 2160 Seventh Avenue."

"Wanted. Active young man as delivery driver; must have $300 cash; salary to commence $10; quick advancement for smart man. Marvin, *World.*"

"Wanted. Young man as office assistant and delivery driver; must furnish $250 cash; salary to commence $10; advancement. Andrews, *World* Office."

"For sale. $300 cash necessary to establish a profitable business; great chance for lady or gentleman; call to-day. Purdy, 2160 Seventh Avenue."

The defendant was indicted on June twenty-eighth, and convicted July 19, 1892, of grand larceny. He testified on cross-examination that on April 4, 1892, he had in his employ a Miss Mann and a Miss Kessler, both of whom he secured through advertisements, and that he borrowed of one $150 and of the other $200, and never had paid them. It was also shown that the defendant had no legal title to the property mortgaged, having purchased it on executory contracts, the title to remain in the vendors until the purchase price was paid. The defendant did not testify that he disclosed to the complainant the fact that he had no title to the property. The complainant testified that defendant represented the property as free from all incumbrance except a mortgage for $350, which was to be paid the next day, and, perhaps, was paid. The defendant does not deny having made this representation. By the uncontradicted evidence and the testimony of the defendant, he obtained possession of the $600 by fraudulent and false representations and pretenses, and was guilty of larceny as described by the second paragraph of section 528 of the Penal Code, and it appeared that he was at about the same time engaged in the commission of similar wrongs upon others.

Under such circumstances, the jury was justified in disbelieving him and all others who were so closely connected with the transaction that they probably knew his purposes. The complainant and his wife testified that there was no agreement to loan the money, but that it was deposited with the defendant as security that the complainant should honestly and faithfully discharge his duties, and that when either party elected to end the contract of employment the $600 should be returned. On the contrary, the defendant, his lawyer and a person present in the office when the mortgage was drawn, testified that the $600 was loaned by the complainant to the

defendant. The learned recorder submitted this question to the jury in a charge to which no exception was taken. The jury was instructed that if they found that the transaction was not a loan, but a mere deposit of money as security, to be returned at the termination of the contract of employment, and that if they further found that the defendant obtained possession of the money by a trick or device, with intent to deprive the complainant of it and convert it to his own use, the defendant was guilty of grand larceny.

These instructions are justified by many cases decided before and since the adoption of the Penal Code.

The jury having found these issues of fact in favor of the People, the crime committed fell within the first paragraph of section 528 of the Penal Code, which provides : " A person who, with the intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person, either (1) takes from the possession of the true owner * '* * any money * * * is guilty of larceny." The section also provides that whoever " takes from the possession of the true owner * * * or obtains from such person by color or aid of fraudulent or false representation or pretense * * * any money, personal property * * * is guilty of larceny."

The indictment charges : " The said John F. Evans, late of the city of New York, in the county of New York aforesaid, on the 4th day of April, in the year of our Lord one thousand eight hundred and ninety-two, at the city and county aforesaid, with force and arms, in the day time of said day " (hereof follows a description of the property taken) " the goods, chattels and personal property of one Carl Sophers then and there being found, then and there feloniously did steal, take and carry away, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity."

Section 275 of the Code of Criminal Procedure provides that " the indictment must contain * * * (2) a plain and concise statement of the act constituting the crime, without unnecessary repetition."

Section 284, subdivision 6, provides that an indictment shall be held sufficient when the " act or omission charged as the crime is plainly and concisely set forth."

This indictment is not sufficient to authorize the People to show that the defendant acquired possession of the property by color or aid of fraudulent or false representation or pretense. (*People* v. *Dumar*, 106 N. Y. 502.) In order to sustain a conviction under that sentence of the statute, the indictment must charge the means by which the property was obtained.

In *People* v. *Morse* (99 N. Y. 662), the defendant obtained possession of $600 by substantially the same means adopted by the defendant in the case at bar. An indictment was found charging him with grand larceny under the first provision of section 528. An examination of the record on the appeal in that action shows that the indictments in that case and in the present case are identical. Morse gave the complainant a chattel mortgage as security for the payment of the money, with interest. Nevertheless a conviction under the indictment was sustained, it being held that the acceptance by the complainant of a promise that the money should be repaid was not conclusive evidence that he intended to part with his title to it.

In *People* v. *Gottschalk* (66 Hun, 64), the indictment charged, as in the case at bar, the defendant with having taken from the owner $200, intending to deprive him of it and to appropriate it to the use of the taker. The means by which it was acquired were not set forth. The offense charged in that indictment was committed in the same way as the crime in this case, and the jury having found that the transaction was not a loan but a deposit, and also having found the guilty intent of the defendant, a conviction was had which was sustained.

The indictment in the case at bar charged the defendant with larceny, and the evidence was sufficient to convict him of the crime charged. There is no variance between the offense charged and the crime proved.

It is insisted that the indictment charges the defendant with taking only $300 — petit larceny instead of grand larceny. The indictment charges that the defendant took $300 in United States treasury notes and also "divers *other*" bank notes of the value of $300. This plainly charges the taking of $600.

The evidence of Danmyer that defendant never had the title to the mortgaged property bore upon the intent of the defendant in

obtaining the money and was competent. The contract between Wilcke and the defendant of April 8, 1892, was not·received in evidence, and the preliminary testimony by which the existence of a contract of that date was shown could not have prejudiced the defendant. The defendant was a witness in his own behalf, and it was shown by his cross-examination that he had, through advertisements, obtained money from Miss Mann and Miss Kessler, employees in his laundry, which he had not repaid, and also that he obtained money from others by like means. This evidence bore on the credibility of the defendant, and besides it tended to show that about the time this crime was charged to have been committed he was engaged in the commission of similar offenses, and it was competent as bearing upon the question with what intent did he obtain the $600. Further, the questions by which the evidence was elicited were simply objected to, no ground being stated.

No error was committed on the trial which affected "the substantial rights of the parties," and the judgment should be affirmed.

Van Brunt, P. J., and O'Brien, J., concurred.

Judgment affirmed.