[Civ. No. 1148. Third Appellate District.—February 16, 1914.]

JAMES O'MALLEY, Appellant, v. THE TOWN OF SE-BASTOPOL (a Municipal Corporation of the sixth class), Respondent.

INTOXICATING LIQUORS—SALOON LICENSES—INTERPRETATION OF ORDI-NANCES.—Where a town, which has an ordinance fixing saloon licenses at fifty dollars per quarter, payable in advance upon the first day of January and every three months thereafter, adopts an ordinance repealing all conflicting ordinances and fixing such licenses at one thousand dollars per year, payable semi-annually in advance, one-half on January 1st and one-half on July 1st of each year, and providing that the ordinance shall go into effect on August 1st, the two ordinances are to be considered together, and until the 1st day of January following, the licenses are to be collected quarterly in advance as provided in the old ordinance, but subject to the rate prescribed in the new ordinance.

APPEAL from a judgment of the Superior Court of Sonoma County. Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

Joseph Rafael, for Appellant.

G. W. Libby, for Respondent.

BURNETT, J.—The complaint is in two counts, the second being upon an assigned claim. Plaintiff and his assignor, on the first day of October, 1910, and for some time prior thereto, were each the owner of and conducting a saloon business in said town of Sebastopol. Up to the first of August there was in effect an ordinance under the provisions of which the license-fee for the privilege of conducting a saloon business in the town was fifty dollars per quarter, payable in advance upon the first day of January and every three months thereafter.

It appears from the complaint that, upon the sixth day of June, 1910, the said town duly adopted an ordinance fixing the saloon license at one thousand dollars per year and providing that no license shall be issued for a longer or less time than one year and that "all license-fees shall be paid semi-annually in advance one-half on January 1st and one-half on July 1st of each year." It was further provided that "all ordinances in conflict herewith are hereby repealed in so far as they conflict with this ordinance" and "this ordinance shall be in force and effect on and after the 1st day of August, 1910."

It further appears from the complaint "that upon the said 1st day of October, 1910, the said defendant, through its officers and agents, did, by means of coercion, compulsion and duress upon the part of defendant, used and made upon plaintiff, for the purpose of causing him to pay to said town the sum of two hundred and fifty dollars, as a license-fee for the privilege of conducting his said saloon business from the 1st day of October, 1910, to and including the thirty-first day of December, 1910, cause and compel said plaintiff to pay the said sum of $250 to said town of Sebastopol upon the said 1st day of October, 1910, by reason of and as a result of said compulsion, coercion and duress and not otherwise; and but for such compulsion, coercion and duress said money would not have been paid.

"That said compulsion, coercion and duress upon the part of defendant consisted of the threatened deprivation of plaintiff of his said saloon business in the said town of Sebastopol, if he failed or neglected to pay the said sum of $250 as a condition for the continuance thereof; that said depriva-

24 Cal. App.—3

tion would have caused irreparable injury and damage to plaintiff, and that plaintiff feared that he would be deprived of his said business if he failed or neglected to pay the said sum of $250.''

It further appears that plaintiff thereafter, in proper form, presented his claim to the board of trustees for the repayment of said sum of two hundred and fifty dollars but the claim was rejected.

Similar allegations appear in the second count of the complaint and the prayer was for a judgment in the sum of five hundred dollars. A general and special demurrer to the complaint was sustained and, plaintiff declining to amend, a judgment of dismissal was entered from which the appeal has been taken.

Extended consideration of the case, we think, is not called for. There is at least a serious question as to whether any compulsion is shown or, in other words, whether, in contemplation of law, the payment of plaintiff and of his assignor was not entirely voluntary, but we may pass that by, as we are firmly persuaded that the only sensible view of the situation is that the two ordinances are to be considered together and that thereby it appears with reasonable certainty that, until the first day of January, 1911, the licenses were to be collected quarterly in advance as provided in the old ordinance, but subject to the rate prescribed in the new ordinance. From said January 1 the licenses were to be issued for a year and with the payments made semi-annually. The new ordinance repealed the old only so far as inconsistent therewith and the interpretation suggested gives effect to the manifest though, perhaps, not clearly expressed, purpose of the legislative body of the town. It is a matter well known that ordinances, and statutes as well, are not always drawn with that precision that is desirable, but, of course, the legislative intention must be declared and enforced when it is possible in consonance with well-established principles of interpretation and without doing violence to the fundamental rights of the individual.

It may be added that the conclusion is entirely unreasonable that the trustees intended that the saloon business should be conducted in Sebastopol from October 1, 1910, to January 1, 1911, without the payment of any license, and it should be

stated that if the new ordinance was entirely inoperative during that period the old was still in force and plaintiff and his assignor should, at least, have tendered the amount due under said ordinance. If they had done so they would appear in court with at least a better assurance of good faith.

At any rate, we are satisfied with the decision of the lower court and the judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.