Submitted on briefs October 11, reversed and remanded October 28, 1921.

## STATE EX REL. ERICKSON *v.* SANBORN ET AL.

### (201 Pac. 430.)

**Municipal Corporations—"Construction of Ordinances" Primarily Dependent on Ordinary Sense of Language.**

1. The construction of an ordinance is ascertaining the intention thereof, in accordance with well-settled legal rules which are the same as those governing the construction of statutes; such intention being primarily to be gathered from the language of the ordinance itself in the ordinary and popular sense.

**Municipal Corporations—No Exposition Contrary to Express Words Permissible Where Ordinance Unambiguous.**

2. If an ordinance is free from ambiguity, no exposition is permissible contrary to its express words.

**Municipal Corporations—Ordinances Construed to Effectuate Intent.**

3. In case of doubt an ordinance will be liberally construed to effectuate the legislative intent.

**Municipal Corporations — Statutes — Special Prevails Over General Act or Ordinance.**

4. Where two statutes treat of the same subject, one being special and the other general, unless they are irreconcilably inconsistent, the special act or ordinance will prevail.

**Municipal Corporations—General Ordinance as to Time of Municipal Charter Amendment Election Held Impliedly Repealed by Special Provision.**

5. Where by a general provision in a city ordinance no charter amendment election could be held at a time less than 60 days from the passage of an ordinance submitting the amendment, a special

4. Construction together of contemporaneous statutes *in pari materia,* see notes in 18 Ann. Cas. 424; Ann. Cas. 1915A, 186.

provision in another ordinance for a particular election *held* to impliedly repeal the general ordinance so far as it applied to such election.

**Municipal Corporations—General Ordinance will not Repeal by Implication a Former Special Ordinance.**

6.  A general ordinance providing for the time of holding municipal charter elections, where there were no negative words, *held* not to repeal by implication a former special ordinance relating to the same subject.

**Municipal Corporations—City Held Authorized to Pass Special Election Ordinance in Disregard of General Ordinance Provisions.**

7.  A city, having power in the first instance to prescribe the method to be employed in the exercise of the initiative and referendum, could change such method and pass a special election ordinance in disregard of the general ordinances on the subject, in view of Article IV, Section 1a, Constitution.

**Elections—Statutes Regulating Elections Liberally Construed in Favor of Electors Acting in Good Faith.**

8.  A narrow or technical rule of construing a statute regulating elections should not be adopted against electors acting in good faith within the letter of the statute or ordinance.

From Clatsop: J. A. EAKIN, Judge.

In Banc.

This is an action in the nature of *quo warranto*. It challenges the right of the defendants to hold the office of civic center commissioners of the City of Astoria, Oregon. From a judgment adverse to defendants they appeal.

At a special election held in the City of Astoria, on January 15, 1920, a charter amendment of the city creating a civic center commission received the vote of 987 in favor thereof and 461 against. After a canvass of the vote the amendment was duly proclaimed as adopted, and the defendants were appointed as civic center commissioners thereunder, and took office and continued to exercise the same until the judgment was rendered. The right of the commissioners to hold office depends upon the validity of the charter amendment referred to creating the office.

The legality of the charter amendment depends upon the construction of the ordinances adopted by the common council of Astoria. All of the facts are fully set forth in the complaint, to which a demurrer was interposed by defendants and overruled by the court. The defendants refusing to plead further, the judgment was entered.

The steps taken by the common council of Astoria leading up to the adoption of the amendment in question, as shown by the complaint, are as follows: On October 17, 1906, the common council of Astoria adopted an ordinance, number 3315, providing for the exercise of initiative and referendum powers by the legal voters of the City of Astoria. Until January 10, 1916, there was no method existing whereby ordinances and charter amendments of the City of Astoria might be submitted to the voters by the common council for their approval or disapproval, and on this last-mentioned date an ordinance was adopted, number 4799, providing for the manner of submitting charter amendments to the legal voters of the city by the common council. This last-mentioned ordinance, number 4799, contained a provision, Section 3, to the effect that no special election be called for the purpose of voting on any proposed charter amendment at a time less than sixty days after the passage of the ordinance by the common council referring the proposed charter amendment to the people. In other words, this last-mentioned ordinance provided that sixty days must elapse between the passage of the ordinance submitting the amendment to the people and the date upon which the special election was to be held. At a meeting of the common council held on November 21, 1919, ordinance number 5616 was adopted, approved November 24, 1919, proposing an

amendment to the city charter creating a civic center commission, authorizing the city as such to acquire and maintain playgrounds, athletic parks, etc., and further authorizing the issuance of bonds by such commission, the levying of a tax for civic purposes, and the appointment of the defendants herein as such civic center commissioners, and containing an emergency clause. Ordinance number 5616 provides that the charter amendment be submitted to the electors of the City of Astoria for approval or rejection at a special election to be held therefor. Thereafter, on December 15, 1919, the common council of Astoria, adopted an ordinance, number 5640 which was properly approved, calling a special election to be held in the City of Astoria on January 15, 1920, for the purpose of voting on proposed amendments to the city charter, as referred to the people by the common council. The ordinance contained an emergency clause. This last-mentioned ordinance also specifically called the special election for the purpose of voting upon the charter amendments proposed by ordinances adopted at the meetings of the common council November 21, 1919, and December 15, 1919. This ordinance, number 5640, contained various provisions for the holding of such special election, such as qualification of voters, punishment for illegal voting, the hours which the polls would be open, designation of polling precincts, and appointment of judges and clerks of the election. It contained nothing in the way of an express repeal of the provisions of ordinance number 4799, nor did it contain any provision for the giving of notice of such special election. On the same date, December 15, 1919, and at the same meeting, that ordinance number 5640, calling for the special elec-

101 Or.—44

tion for January 15, 1920, was adopted, there was also adopted and approved an ordinance number 5641, expressly repealing ordinance 4799, and reordaining a method of submitting proposed charter amendments to the vote of the people. By section 3 of this last-mentioned ordinance, it is provided that no election for the purpose of voting on charter amendments be held until after the lapse of sixty days from the passage of the ordinance submitting such amendments to the people, and Section 4 thereof provides that five notices of such election be posted in each ward or voting precinct stating the time of such election. Section 6 thereof provides further that such notices be posted for ten days prior to the time of the holding of such election. Section 6 of this last-mentioned ordinance also provided that notice of such special election be published in the "Astoria Evening Budget" for ten issues, the first insertion to be on January 2, 1920, and the last on January 14, 1920. Section 7 provides for the publishing of notices in the same paper under the same dates as to each proposed charter amendment to be voted upon. The election was held in the City of Astoria on January 15, 1920, in pursuance of ordinance number 5640, which called such special election and designated the date upon which it was to be held, and specifically referring to the people all ordinances proposing charter amendments adopted at the meetings of the common council held on November 21, 1919, and December 15, 1919.                    REVERSED AND REMANDED.

For appellants there was a brief over the names of *Mr. J. W. Mott,* City Attorney, *Mr. James L. Hope, Mr. G. C. Fulton* and *Mr. C. W. Halderman.*

No brief for respondent.

BEAN, J.—The one question involved, as to the validity of the charter amendment creating the civic center commission, referred to the electors by ordinance number 5616, is whether or not due compliance was had with the provisions of the ordinances then in force which provided a method of submitting charter amendments proposed by the common council to a vote of the people, and particularly where one ordinance provided that no such elections be held at a time less than sixty days from the passage of such ordinance of reference, and another ordinance passed at the same meeting designating a specific day which was less than 60 days, at which the proposed charter amendments adopted at the specified meetings of the common council should be voted upon by the people.

From the facts above stated it will be observed that ordinance number 5616 creating the civic center commission, and referring the same to the people was adopted while ordinance number 4799, which provided a method of submitting charter amendments to a vote of the people, was still in full force and effect; that ordinance number 4799, provided by Section 3 thereof, that sixty days must elapse from the time an ordinance submitting a charter amendment is passed by the common council and the date of the election. Hence, it is noted that sixty days could not elapse between the passage of ordinance number 5616 and January 15, 1920, the date upon which the special election was held, and at which time the charter amendment creating a civic center commission was voted upon. However, it must be observed that at the meeting of the common council of the City of Astoria, held on December 15, 1919, ordinance number 5640, was adopted, which by Section 1 thereof specifically ordered that a special election be held in the

City of Astoria, on Thursday, January 15, 1920, at which there be submitted to the electors of the City of Astoria, the proposed charter amendments as passed by ordinances of the common council at its meetings held on November 21, 1919, and December 15, 1919. It must be borne in mind that, at the same meeting of the common council held on December 15, 1919, at which ordinance number 5640 designating the date of the special election was adopted, another ordinance number 5641 was adopted, which by Section 11 thereof, repealed ordinance 4799, and reordained in general, the method of submitting proposed charter amendments by the common council to the people, particularly reordaining many of the provisions of ordinance number 4799, and which by Sections 4 and 5 thereof directed the posting of certain notices of election, and by Section 6 thereof directed the publication of notice of such election on specified dates in a designated newspaper. There is no question but what the notices of the special election so held were posted and published in strict accordance with the provisions of ordinance number 5641. Section 3 thereof provided that no election upon a proposed charter amendment be held at a time less than sixty days from the passage of the ordinance submitting such amendment to the people. This section continued in force a similar provision of ordinance number 4799, which was effective when ordinance number 5616 proposing the charter amendment in question was adopted. Ordinance number 5640 by its provisions apparently disregarded the 60-day limitation contained in ordinance number 4799 and ordinance 5641, and specially ordained that an election be held on January 15, 1920, for the purpose of submitting the proposed charter

amendment passed at the meeting held on November 21, 1919.

The complaint challenges the validity of the charter amendment creating the civic center commission solely on the ground of the conflict in the ordinances of the city, particularly for the reason that the election held was within the prohibited 60-day limitation.

1, 4. The construction of an ordinance is ascertaining the intention thereof, in accordance with well-settled legal rules. Primarily that intention is to be gathered from the language of the ordinance itself in the ordinary and popular sense. If the ordinance is free from ambiguity no exposition is permissible, contrary to its express words. But in case of doubt courts lean towards the presumed intention of the legislative body, and will so construe the ordinance as to effectuate such intention. A reasonably liberal construction should be invoked so as to give the effect to the ordinance intended, and that it may be sustained if this can be done in reason. Ordinances are construed by the same rules that govern the construction of statutes: 7 McQuillin, Municipal Corporations, p. 6983, §§ 810, 811; 25 R. C. L. 1062, § 286; *Smith* v. *Kelly,* 24 Or. 464 (33 Pac. 642); *Duncan* v. *Dryer,* 71 Or. 548 (143 Pac. 644). It is the rule that where two statutes, or ordinances, treat of the same subject, one being special and the other general, unless they are irreconcilably inconsistent, the special act will prevail: 1 Lewis' Sutherland Statutory Construction (2 ed.), 528, 529, and cases cited. Where ordinances are contemporaneously passed, a specific provision relating to a particular subject will govern in respect to that subject as against general provisions: 1 Lewis' Sutherland Statutory Construction (2 ed.), 531.

5, 6. Ordinance number 4799 of the City of Astoria was general in its provisions for the calling of a special election. This ordinance was practically amended by ordinance number 5641 which was also a general ordinance except as to its provisions relating to dates of publication of notice which have now passed. This provision of the latter ordinance was special in its nature. Although repeals by implication are not favored, when the common council of the City of Astoria on December 15, 1919, passed ordinance number 5640, with special provisions for the election to be held January 15, 1920, the general provision that no election be held at a time less than sixty days from the passage of an ordinance submitting an amendment to the people, was impliedly repealed in so far as it affected the special election to be held January 15, 1920. As we view the matter, ordinances number 4799 and number 5641 contain general rules for the guidance of the common council which that legislative body had the power to amend or suspend at any time by the adoption of another ordinance: *State ex rel. v. Kelsey,* 66 Or. 70 (133 Pac. 806). The specific provision as to the date of the special election contained in ordinance number 5640, was not impliedly repealed by ordinance number 5641 adopted at the same session of the common council. A general ordinance, without negative words will not repeal by implication from their repugnancy the provisions of a former special ordinance. Where two ordinances are contemporaneously passed, a specific provision relating to a particular subject will govern in respect to that subject as against general provisions, unless a different intent of the lawmakers is manifest: 1 Lewis' Sutherland on Statutory Con-

struction, 526–531.   In 25 R. C. L., page 1062, Section 286, it is stated:

"The rule that statutes *in pari materia* should be construed together applies with peculiar force to statutes that are contemporaneous or nearly contemporaneous; for, in such case, we have the same minds acting upon the one subject, and it is not to be presumed that the same body of men would pass conflicting and incongruous acts.   The presumption is that they had in mind the whole subject under consideration; that while the one general subject is touched in several separate acts, yet the legislative intent was that of a harmonious whole.   Hence, statutes passed at or at nearly the same time should be construed together in determining their effect."

7, 8.   The city counsel of Astoria had the power in the first instance to prescribe the method employed in the exercise of the initiative to prescribe the method employed in the exercise of the initiative and referendum.   It also had the power to change such method at any time.   Therefore the city had the power wholly to disregard the sixty days' provision and prescribe the place and notice to be given for a special election to be held on January 15, 1920: Article IV, § 1a, Constitution of Oregon; *Colby* v. *City of Medford,* 85 Or. 485, 512 (167 Pac. 487); *State ex rel.* v. *Kelsey,* 66 Or. 70 (133 Pac. 806).   A narrow or technical rule of construing a statute regulating elections should not be adopted against electors acting in good faith within the letter of the statute or ordinance: *State* v. *Wolf,* 17 Or. 119 (20 Pac. 316).

It is portrayed in the complaint that the special election held in the City of Astoria, January 15, 1920, was regularly held according to the provisions of ordinances 5640 and 5641.   When construed together

the notice thereof was sufficient. A full fair expression of the legal voters of the city was had at the polls, and by the amendment to the city charter created a civic center commission. This election was the vitalizing force adopting the charter amendment, and should not be annulled by reason of any mere informality in calling the election. It is well known that ordinances, as well as statutes, are not always drawn with the precision to be desired; yet the legislative intent must be declared and enforced when possible in conformity to well established principles of interpretation, and without doing violence to the fundamental rights of any individual: *O'Malley* v. *Sebastopol,* 24 Cal. App. 32 (139 Pac. 1082).

We think the demurrer to the complaint should have been sustained. The judgment of the lower court will therefore be reversed, and the cause remanded with directions to sustain the demurrer to the complaint and for such further proceedings as may be necessary, not inconsistent with this opinion.

REVERSED AND REMANDED.