Submitted on briefs June 21, reversed June 24, 1927.

STATE EX REL. VAN WINKLE, ATTORNEY GENERAL, ET AL. *v.* GEORGE A. GILMORE, CITY RECORDER.

(257 Pac. 21.)

Municipal Corporations—City Recorder must Place Proposed Initiative Measure on Ballot at Special Election, Though Council Did not Call Election for Such Purpose (Const., Art. IV, § 1a; Or. L., § 4109).

1. Where common council of city called special election for submitting proposed charter amendments, city recorder must include initiative measure to repeal part of charter, which was not included by council, in view of Constitution, Article IV, Section 1a (Or. L., § 4109), providing for submission at next ensuing election.

Municipal Corporations—Constitutional Provision for Time of Referendum Held not Intended to Control City Elections on Measures Submitted Through Initiative Petition (Const., Art. IV, § 1).

2. Constitution, Article IV, Section 1, relative to time of elections on measures referred to people of state, being adopted before enactment of initiative and referendum laws, *held* not intended to control local elections on measures submitted through initiative petition by people of city.

Municipal Corporations—Constitutional Provision Relative to Initiative and Referendum Held to Supersede Previous Provision (Const., Art. IV, §§ 1, 1a).

3. Constitution, Article IV, Section 1, relative to time of elections on measures referred to people of state, if broad enough to

apply to action of municipalities in exercise of initiative and referendum powers, *held* superseded by Section 1a, relative to such powers.

**Municipal Corporations—General Statutory Provisions for Initiative and Referendum Procedure Apply to City Which has not Prescribed Procedure (Or. L., § 4109).**

4. Where city has not undertaken to prescribe by legislation manner of exercising initiative and referendum powers, general provisions of statute relative to procedure, such as Section 4109, Or. L., are applicable.

Municipal Corporations, 28 Cyc., p. 1589, n. 56 New. Statutes, 36 Cyc., p. 1094, n. 20.

From Lane: GEORGE R. BAGLEY, Judge.

In Banc.

REVERSED.

For appellant there was a brief over the name of *Mr. S. M. Calkins.*

For respondent there was a brief over the name of *Mr. W. H. Brooke.*

BELT, J.—This is a suit to enjoin the defendant from placing upon the ballot at the special city election on June 28, 1927, an initiative measure to repeal that part of the charter of the City of Eugene authorizing the issuance and sale of bonds aggregating $500,000 for the construction and maintenance of a public municipal auditorium "on or adjacent to the campus of the University of Oregon." Defendant demurred to the complaint upon the grounds, (1) That none of the plaintiffs have legal capacity to sue; (2) That it does not state facts sufficient to constitute a cause of suit. The trial court overruled the demurrer and, upon refusal of defendant to plead further, rendered a decree in accordance with the prayer of the complaint. Defendant appeals.

It appears from the complaint that, on February 25, 1927, an initiative petition, in due form and with more than the requisite number of signers, was filed ·with the city recorder requesting that the proposed charter amendment "be submitted to the legal voters of said city at the regular general election to be held on the 6th day of November, 1928, or at any earlier special election to which the same may be legally submitted. * * *" It is alleged that this petition, on February 28, 1927, was transmitted to the common council for consideration but that no action in reference thereto was ever taken and that no special election has been called by the council for the purpose of voting upon the charter amendment. It is alleged, however, that an ordinance was enacted calling a special election on June 28, 1927, for the submission to the voters of five proposed charter amendments, but not including the one in question. It is further alleged that, notwithstanding the refusal of the common council to submit the initiative measure to the voters at the special election on the above date, the defendant city recorder has included the same in the voters' pamphlet and, unless restrained by order of court, will place the measure upon the ballot at such special election.

1. The question for decision is whether this initiative measure shall be submitted to the voters at the special election or deferred until the next biennial election in 1928. The contention of plaintiffs is that the special election was called for certain particular purposes as specified in the notice thereof and that the measure in question was not so included. Defendant asserts that it was his duty, under the law, after failure of the council to take any action, to place

the measure upon the ballot "at the next ensuing election" as provided by Section 4109, Or. L. Determination of the controversy involves a consideration of the Constitution and statutes relative to the operation of the initiative and referendum law. Plaintiffs rely strongly upon the language of Section 1, Article IV of the Constitution of Oregon, which, in part, provides:

"All elections on measures referred to the people of the state shall be had at the biennial regular general elections, except when the legislative assembly shall order a special election."

2. The above constitutional provision was adopted in 1902 but it was not until 1906 that the initiative and referendum laws were extended to apply to municipalities. It would, therefore, follow that what was said in the above section of the Constitution was not intended to control local elections on measures submitted through initiative petition by the people of a city.

In 1906, Section 1a of Article IV of the Constitution was adopted, which provided that:

" * * The initiative and referendum powers reserved to the people by this constitution are hereby further reserved to the legal voters of every municipality and district, as to all local, special and municipal legislation, of every character, in or for their respective municipalities and districts. The manner of exercising said powers shall be prescribed by general laws, except that cities and towns may provide for the manner of exercising the initiative and referendum powers as to their municipal legislation. * * "

3. The above constitutional provision is specific and pertains particularly to the exercise of the initiative and referendum laws by municipalities. If it

be conceded that the prior act (Art. IV, § 1) is broad enough to apply to the action of municipalities in the exercise of the initiative and referendum powers, it would be superseded by the later and more specific act on that subject (Art. IV, § 1a): *State ex rel. Erickson v. Sanborn et al.,* 101 Or. 686 (201 Pac. 430).

4. The City of Eugene has not undertaken to prescribe by legislation the manner of exercising the initiative and referendum powers, so the general provisions of the statute in reference to such procedure apply: *Campbell v. City of Eugene,* 116 Or. 264 (240 Pac. 418).

Turning to Section 4109, Or. L., we find it is thus provided:

"If any ordinance, charter, or amendment to the charter of any city shall be proposed by initiative petition, said petition shall be filed with the city clerk, auditor, or recorder, as the case may be, and he shall transmit it to the next session of the city council. The .council shall either ordain or reject the same, as proposed, within thirty days thereafter, and if the council shall reject said proposed ordinance or amendment, *or shall take no action thereon,* then the city clerk, auditor, or recorder, as the case may be, *shall submit the same to the voters of the city or town at the next ensuing election held therein* not less than ninety days after the same was first presented to the city council. * * "

In view of the above section, we think it is the duty of the city recorder to place the proposed initiative measure upon the ballot for consideration at the special election, although the common council did not call it for such purpose. The right of the people thus to vote upon this measure should not be thwarted by technical construction. As stated by

Mr. Justice HARRIS in *Colby* v. *City of Medford,* 85 Or. 485 (167 Pac. 487):

" * * * if an ordinance or amendment to the charter is proposed by an initiative petition, the petition must be filed with the recorder who must then transmit it to the council. The council may them (1) ordain or (2) reject the measure or (3) do nothing. If the council rejects the proposed measure or takes no action for a period of thirty days, the measure must be submitted to the legal voters."

The decree of the Circuit Court enjoining the city recorder from placing the measure upon the ballot at the special election on June 28, 1927, is reversed and the suit dismissed. Defendant is awarded costs and disbursements.

REVERSED AND SUIT DISMISSED.