## THE STATE v. ANDERSON.

1. **Criminal Law:** OBTAINING PROPERTY BY FALSE PRETENSES: VENDOR AND VENDEE. An indictment for obtaining property under false pretenses cannot be sustained when the contract of sale under which the defendant holds the property contains a provision that the title, ownership and possession shall remain in the vendor until full payment therefor shall be made; the prosecutor must have intended to part with his right of property in the thing obtained, and not merely with his possession of it.

*Appeal from Cass District Court.*

SATURDAY, OCTOBER 20.

INDICTMENT for obtaining property by means of false pretenses. On motion of the defendant the court directed the jury to find him not guilty, which being done, the State appeals.

*J. F. McJunkin,* Attorney-General, and *John W. Scott,* for the State.

*John M. & R. W. Griggs* and *Phelps & DeLano,* for defendant.

SEEVERS, J.—The indictment charged " That        *        * defendant did obtain from the St. Paul Harvester Works, through J. C. Yetzer,        *        *        * one Elward Harvester, of the value of one hundred and ninety dollars." The defendant plead not guilty. The false pretenses used for the purpose of obtaining said property were in writing, and were as follows:

1. CRIMINAL law: obtaining property by false pretenses: vendor and vendee.

" $115.00.                ATLANTIC, IOWA, July 12, 1875.

" For value received, on or before the 1st day of October, 1876, I, the subscriber, of Benton township, County of Cass and State of Iowa, promise to pay to the order of the St. Paul Harvester Works one hundred and fifteen dollars at the Cass

County Bank, in Atlantic, with interest at ten per cent per annum from date until paid, and in addition I will pay five per cent attorney's fees if suit is commenced on this note.

The express condition of the sale and purchase of the Elward Harvester for which this note is given is such that the title, ownership or possession does not pass from said St. Paul Harvester Works until this note is paid in full; that said St. Paul Harvester Works have full power to declare this note due and take possession of said machine at any time they may deem themselves insecure, even before the maturity of this note. For the purpose of obtaining credit, I, P. H. Anderson, hereby certify that I own, in my own name, forty acres of land in Section 31, Township of Benton, County of Cass and State of Iowa, with twenty-five acres improved, worth $1,000, which is not encumbered by mortgage or otherwise, except ——. I own $800 worth of personal property over and above all indebtedness.                                                   P. H. ANDERSON.

P. O. Atlantic, County of Cass, State of Iowa."

The "State introduced evidence which tended to show the representations made and their falsity, and also that defendant purchased of the St. Paul Harvester Works a Harvester, which the agent of the company was induced to sell and deliver by and through said representations." After the State rested, the defendant moved the court to "direct the jury to acquit the defendant, for the reason that it appeared by the contract that defendant did not obtain, by the alleged false representations, the title to or property in said Harvester, but the same remained in the St. Paul Harvester Works Company, and that said company, notwithstanding the delivery of the Harvester to defendant, continued to be the owner of the same, with the right to resume possession thereof at any time"—which motion was sustained, and the jury so directed. The correctness of this ruling is the only question to be determined.

The statute provides: " If any person designedly and by false pretense, or by any privy or false token, and with intent to defraud, obtain from another any money, goods, or other property     *     *     ." Code, § 4073.

In 3 Archbold's Criminal Practice and Pleading, 467, it is said: "In order to convict a man of obtaining money or goods by false pretenses it must be proved that they were obtained under such circumstances that the prosecutor meant to part with his right to the property in the thing obtained, and not merely with the possession of it." This doctrine is recognized in 3 Greenleaf, § 160, and also, as we understand, in 2 Wharton on Criminal Law, § 2149.

The only cases cited by the Attorney-General as being in conflict with these authorities are: *Skiff v. The People*, 2 Parker's Criminal Reports, 139, and *The People v. Haynes*, 11 Wend., 558. The former has but little, if any, bearing on the question before us, and the latter was reversed in *The People v. Haynes*, 14 Wend., 547, and it was then *held* where a person sold goods to another on credit and delivered the same on a steamboat designated by the purchaser, to be forwarded to his residence, that the sale became complete, and the title and possession vested in the purchaser. After such delivery the seller made the attempt to stop the goods while in transit, to prevent which the purchaser made certain false representations, in consequence of which the seller did not persist in his attempt to seize the goods. The purchaser was indicted for obtaining the goods by means of false pretenses, and it was *held* he could not be convicted. It is evident, in the case at bar, that the seller did not intend to part with either the right of property or possession, for it is expressly provided in the contract of purchase and sale "that the title, ownership or possession does not pass" until the note is paid, and the right "to declare the note due and take possession of the machine at any time" was expressly reserved.

The defendant did not even obtain an unqualified right to the possession. The plaintiff, in a legal sense, parted with nothing. It is unnecessary to go as far as the rule laid down in Archbold, in order to sustain the ruling below. At least we think the defendant must have obtained, by means of the false pretenses, either the title or the unqualified right of possession as between himself and his vendor, for at least some length of time. Here the delivery and resumption of the

possession by the vendor could be at the same instant of time, or as near thereto as it was possible for the mind to act and determine.

AFFIRMED.