The State v. Hall.

76    85
132   427

## THE STATE v. HALL.

Larceny: OBTAINING GARMENTS FROM TAILOR BY FALSE PRETENSE OF INTENDING TO PAY FOR THEM. Where the owner of goods parts with their possession without the purpose of parting with the property therein, and expects their return or disposition according to his direction, or expects payment for them to complete a sale thereof, the taking and conversion, with the felonious intent to deprive the owner of the goods, is larceny. So, if possession of the goods is obtained by a trick, artifice or false pretense, with the felonious intent on the part of accused to convert them to his own use, he is guilty of larceny. Accordingly, held, in this case, that where defendant obtained from his tailor's employe finished garments, upon the pretense that he would pay for them when he got to his room, whither he invited the employe to accompany him, but when he arrived at what he falsely represented to be his room, he, by a trick, escaped from the employe, taking the garments with him without paying for them, and disappeared, he was guilty of larceny.

Appeal from Pottawattamie District Court.—HON. C. F. LOOFBOUROW, Judge.

FILED, OCTOBER 27, 1888.

DEFENDANT was indicted and convicted of larceny. He now appeals to this court.

*Wright, Baldwin & Haldane*, for appellant.

No appearance for the State.

BECK, J.—I.   The undisputed facts of the case are these :· Defendant employed a tailor in Council Bluffs to furnish the materials and make for him an overcoat and a pair of pantaloons.   When the garments were finished he went to the tailor's shop and tried on the overcoat, which proved quite satisfactory.   He stated that he did not have money enough to pay for the clothing, but would have in a few days.   Hè did not ask for credit.   The tailor did not offer to give him credit, and replaced the garments where finished work was kept.   In three or four days thereafter the defendant returned at night, when the tailor was absent, and the shop was in charge of an employe.   He said he wanted the garments.   The employe proceeded to get them, and defendant took out his pocket-book, and counted out the money to be paid for them.   He tried on the overcoat, and approved it.   He then said he did not have quite enough money to pay for the garments, and asked the employe to wrap up the pantaloons, and go with him to his room, where he would pay for the clothing.   The employe complied, and defendant wore the overcoat and took the other garment.   When he reached a stairway on the street he said to the employe, " Wait here a minute, and I will go up stairs and get the key of my room."   He left the employe, and went up the stairs, and this was the last seen of him that night.   The employe searched for him without avail.   He left his old overcoat in the tailor-shop, saying he would return for it the next morning, which he did not do. At that time he had a room in Omaha, where he was arrested for this offense.

II.   Where the owner of goods parts with their possession without the purpose of parting with the property therein, and expects their return or disposition according to his direction, or expects payment for

them to complete a sale thereof, the taking and conversion with the felonious intent to deprive the owner of the goods is larceny. So, if possession is obtained by a trick, artifice, or false pretense, with the felonious intent on the part of accused to convert them to his own use, he is guilty of larceny. These are familiar rules of the law. See Wat. Crim. Dig. p. 373, sec. 9; p. 377, secs. 47–53.

.III. The evidence clearly brings defendant's case within these rules. It is shown beyond dispute that his purpose was to obtain the garments without the tailor's assent, and thus, in the rogues' dialect, "beat him out of his money." The cheat and trick resorted to by.defendant have often been practiced by this class of fellows, but are none the less criminal. The very moderate term in the penitentiary given to defendant by the court below will serve to teach rogues of defendant's class that it is no safer to commit larceny by deceit, trick, and the abuse of confidence which tradesmen are authorized to put in their customers, than by stealthily taking property with intent to steal it. The instructions given to the jury accord with the views we have expressed. In our opinion the judgment of the district court ought to be

AFFIRMED.