Argued May 6, decided May 27, 1913.

# STATE *v.* TAYLOR.

(132 Pac. 713.)

**Criminal Law—Appeal—Review—Questions not Raised Below.**

1. The sufficiency of the evidence, unless properly questioned at the trial, nor an instruction, unless excepted to, cannot be reviewed.

[As to the necessity for objection, in addition to exception, in order to save for review giving of instruction, see note in Ann. Cas. 1912B, 1231.]

**Criminal Law—Appeal—Review—Capital Case—Commutation of Sentence.**

2. A death sentence having been commuted, the case is no longer a capital case, as regards the question of any greater liberality ' in favor of review in such a case.

**Homicide—Degree—Killing Two With One Shot.**

3. A single shot being fired, killing two men, the crime, if murder in the first degree as to the killing of one, is such as to the other.

Indictment—Duplicity—Necessity of Demurrer.

4. Objection to an indictment charging two offenses, in contravention of Section 1442, L. O. L., must be taken by demurrer, or is waived.

[As to the joinder of two or more offenses in one indictment, see note in 58 Am. Dec. 238.]

From Harney: DALTON BIGGS, Judge.

Statement by MR. JUSTICE EAKIN.

The defendant, John M. Taylor. was indicted for the crime of murder in the first degree for the killing of Albert H. Perry and Robert Settlemyer on December 21, 1911, and upon trial was convicted of said crime. Whereupon judgment of the death penalty was rendered. Thereafter, on December 12, 1912, the governor of the State of Oregon commuted the said sentence to life imprisonment. On the 4th day of December, 1912, the defendant appealed from said judgment.                 AFFIRMED.

For appellant there was a brief over the names of *Messrs. Weatherford & Weatherford* and *Messrs. Miller & Chezum,* with an oral argument by *Mark Weatherford.*

For the state there was a brief over the names of *Mr. William H. Brooke,* District Attorney, *Mr. Andrew M. Crawford,* Attorney General, *Mr. C. H. Leonard,* Deputy District Attorney, *Mr. J. W. Biggs* and *Mr. R. W. Swagler,* with an oral argument by *Mr. Swagler.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. No formal bill of exceptions is filed herein, but upon stipulation of the attorneys the judge certified to this court that the transcript of the evidence, as cer-

tified by the court reporter, is allowed as a bill of exceptions, and that it is made a part of the record. In the assignments of error in defendant's brief, it is alleged that the evidence was insufficient to support a verdict of murder in the first degree or to show the malice which is essential to constitute murder in the first degree. Error is also assigned in giving certain instructions. The first question for consideration is whether the appellate court will review the evidence in a capital case where no exceptions were taken, and the question was not raised at the trial. Upon the appeal the defendant relies upon the case of *State* v. *Olds,* 19 Or. 397 (24 Pac. 394), in which Mr. Chief Justice THAYER admits the rule as established in this court that the Appellate Court has no authority to review a decision made upon a motion for a new trial, and that the sufficiency of the evidence to support the judgment must have been first passed upon by the trial court, but suggests that in a capital case the Appellate Court will not apply the rules which govern trial courts in other cases with the same strictness; and he proceeds to review the evidence. There is a vigorous dissent in that case by Mr. Justice LORD, and that portion of the opinion is expressly overruled in *State* v. *Foot You,* 24 Or. 61, at pages 71, 72 (32 Pac. 1031, at page 1034; 33 Pac. 537), in which Mr. Justice BEAN says: "This court will not uphold a judgment where the evidence is not sufficient in law to justify its rendition, if the question is properly made, which can be done by a motion at the trial to discharge the defendant upon that particular ground. * * This court has nothing to do with the rulings of the lower court upon a motion for a new trial, or to set aside the verdict of the jury. It deals only with questions of law, and they must be squarely presented as such."

2. It is especially urged here that the rule that in a capital case the courts will be more liberal in the application of the rules applicable in other cases is also eliminated by the commutation of the sentence. This is no longer a capital case. Further, there were no exceptions taken to any instruction nor any question raised as to the sufficiency of the evidence; and in any view of the case the points raised by the assignments of error are without avail.

3, 4. It is urged that it was error to charge the two separate crimes in the same indictment, and that a general verdict of murder in the first degree was erroneous when the evidence shows that one of the crimes could not possibly have been in excess of murder in the second degree; but there is no merit in this contention. There was but one shot fired, and it killed both men; it was but one act; and if the indictment charges two crimes, which is forbidden by Section 1442, L. O. L., the objection must be taken by demurrer or it is waived: *State* v. *Jarvis,* 18 Or. 360 (23 Pac. 251); 20 Or. 437 (26 Pac. 302; 23 Am. St. Rep. 141); *State* v. *Lee,* 33 Or. 506 (56 Pac. 415). None of these questions were raised in the trial court and were not brought here in any legal manner.

The judgment is affirmed. AFFIRMED.