Argued November 1; affirmed November 13, 1935

# WEBBER ET AL. *v.* BAILEY ET AL.

### (51 P. (2d) 832)

*Sam Van Vactor*, of The Dalles (T. Leland Brown, of The Dalles, on the brief), for appellants.

*Francis V. Galloway*, of The Dalles (Galloway & Krier, of The Dalles, on the brief), for respondents.

BEAN, J. The defendants demurred to the complaint upon the ground that the same did not state facts sufficient to constitute a cause of suit for the reason that the election was held under the provisions of chapter 8, title LXV, Oregon Code 1930, and that there is no legal requirement that notice of election be given by the distribution of pamphlets. Section 65-801, which is a part of said chapter 8, provides as follows:

"When the commission or other governing body of any port, whether organized under general or special law, shall desire to hold an election for the purpose of submitting to the electors of such port any measure submitted under the initiative and referendum, or any question relating to the issuance of bonds or the increase of tax levies, or any other question that may lawfully be submitted to the voters of such port, such commission or other governing body may, at any regular or special meeting called in accordance with the rules of such body or the statutes governing the same, adopt a resolution calling a special election to be held at such time as they may select, not less than thirty-five days after the passage of such resolution, and may in the same designate and describe in general terms the measures which are to be submitted at such election."

Section 65-802 provides for the contents of the notice of election and the time for publication, and that "Where the election is to be held concurrently with an election in the county, said notice may be given in the same manner as the notice for the concurrent election in the county and may be posted and published as a

part of said notice for said concurrent election in the county." It also contains provision for polling places to be given in the notices. Section 65-805 provides as follows:

"The provisions of this act are additional and cumulative to the provisions of any other law now existing for the holding of elections in ports, and shall be interpreted as providing additional powers and not as conflicting with or exclusive of the provisions of existing laws on the same subject."

Plaintiffs contend that subdivision 8 of section 65-708, Oregon Code 1930, sets forth provisions for the issuance of bonds by a port district and that subdivision 8 provides that election for bonds shall be called and held under chapter 5, title XLI, Oregon Laws. It is argued that chapter 8, title LXV, Oregon Code 1930, is repealed by implication by virtue of the enactment of chapter 425, Laws of 1927. Defendants contend that the proper procedure was followed by the port district in holding this bond election under the provisions of chapter 8, Title LXV, Oregon Code 1930, and that this chapter is additional and cumulative by virtue of section 65-805, quoted above. It will be noticed that the legislature enacted chapter 8 as a special provision, cumulative to the provisions of any other law then existing. This chapter ran the gauntlet of the annotators of Oregon Code 1930, and was then codified as an existing law. It is also mentioned by this court in *Seafeldt v. Port of Astoria*, 141 Or. 418 (16 P. (2d) 943), in which case an opinion was written by Mr. Justice RAND in December, 1932, sometime after the enactment of the 1927 law. It was there stated:

"The Port of Astoria is a municipal corporation. It was organized under and pursuant to the provisions of the general laws of this state and possesses all the

powers conferred by sections 65-701 to 65-1105, Oregon Code 1930, and such additional powers as are granted by sections 65-801 to 65-813, Oregon Code 1930.''

█ Repeals by implication are not favorites of the law. There is no implied repeal where both statutes can be executed. The special statute, chapter 8, title LXV, enacted in 1919, chapter 319, is not inimical to the general law for the incorporation of ports or the initiative and referendum law: *Swensen v. S. P. Co.,* 89 Or. 275 (174 P. 158); *State ex rel. v. Phipps,* 136 Or. 454, 463 (299 P. 1009). By the very provisions of the act in question, it is considered an additional and cumulative method of procedure. While there might be an alternative procedure, still there is no reason why the two should not be construed together and either of the two procedures followed. The statute followed by defendants, in holding this election, has not been expressly repealed. If that act has been repealed it must have been by implication. A statute may be repealed by implication, but such a repeal is not a favorite of the law. There is a presumption that all laws are passed with knowledge of the laws as they exist and that if the legislature desires to repeal a statute then it should so declare. Where both laws can stand and both work in harmony then there is no repeal. One of the main canons of construction is to ascertain the intention of the legislature. This intention is indicated by the fact that the legislature amended section 65-803 by chapter 79, Laws of 1931.

█ It is not necessary in an election, held under the provisions of chapter 8, Title LXV, Oregon Code 1930, for issuing bonds of a port, to mail pamphlets containing a copy of the measure providing for the issuance of bonds. The notice and ballot contained all the information required. The initiative and refer-

endum law was intended to make provisions similar to a New England town meeting, which the writer has attended, where the electors assemble pursuant to notice and vote, among other things, upon the question of issuing bonds of the town in a simple and convenient manner.

The laws regulating ports provide a charter for such ports. *Smith v. Hurlburt,* 108 Or. 690 (217 P. 1093) is in point by analogy.

Evidently the legislature, in its wisdom, saw the necessity for the provisions of chapter 8, Title LXV, and, in repealing the other sections, let this chapter escape the scythe of repeal. We quote the language of Mr. Justice Brewer in *Rodgers v. United States,* 185 U. S. 83 (46 L. Ed. 816, 22 S. Ct. 582), quoted with approval in *Hill v. Hartzell,* 121 Or. 4, 9 (252 P. 552):

"It is a canon of statutory construction that a later statute, general in its terms and not expressly repealing a prior special statute, will ordinarily not affect the special provisions of such earlier statute. In other words, where there are two statutes, the earlier special and the later general—the terms of the general broad enough to include the matter provided for in the special —the fact that the one is special and the other is general creates a presumption that the special is to be considered as remaining an exception to the general, and the general will not be understood as repealing the special, unless a repeal is expressly named, or unless the provisions of the general are manifestly inconsistent with those of the special."

See also *Crane v. Reeder,* 22 Mich. 322; *Home Tele. Co. v. Moodie,* 75 Or. 117 (145 P. 635); *State ex rel. v. Sanborn,* 101 Or. 686 (201 P. 430).

■ Chapter 8, Title LXV (§ 65-801 et seq.), which was followed in this case, provides a complete procedure for the holding of such an election for the issuance

of bonds. Section 65-812 provides in detail for a bond election. Complete election machinery is provided for in this chapter, which relates only to the holding of such elections in a port district. It is a special act. The later act, which provided that elections should be held under the general initiative and referendum law, applied to all municipalities and districts of every kind, except cities. It was a general law, and, as we have indicated, a later general law does not repeal a prior special statute not expressly repealed.

The Port of The Dalles was regularly organized, and the statutory provisions governing such port, which became its charter, were strictly followed in the procedure of authorizing the issuance of bonds.

The demurrer was properly sustained. Carrying out the intention of the legislature as indicated by the letter and spirit of the statute, the procedure should be sustained and the judgment of the circuit court affirmed. It is so ordered.