# WARREN v. STATE.

No. A-11653.  Feb. 27, 1952.

(241 P. 2d 410.)

John A. Cochran, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, P. J.  The plaintiff in error, Tommy Warren, defendant below, was charged by information filed on February 9, 1951, in the district court of Tulsa county, Oklahoma, with the crime of obtaining property by false pretenses, allegedly committed on February 4, 1949.

The information herein alleged substantially the same facts as the information set forth in the prior appeal involving the facts herein presented, same being No. A-11270, Warren v. State, 93 Okla. 166, 226 P. 2d 320, with the exception that the charge therein was larceny by fraud, while the charge herein is that of obtaining money by false pretenses.  In said reported case of Warren v. State, supra, therein the law applicable to the facts and the distinction between larceny by fraud and obtaining property by false pretenses was discussed and set forth, together with the reasons for the reversal thereof and the remanding of the same for new trial.  Upon receipt of the order directing a new trial, the county attorney instituted this proceeding here involved.  In the trial thereof the county attorney and the attorney for the defendant entered into a stipulation, the pertinent portion of which reads as follows, to wit:

" * * * It is further stipulated that the copy of the case-made prepared in Case No. 13,678 served on the County Attorney, and now in the possession of Lewis J. Bicking, County Attorney of Tulsa County, Oklahoma, contains a true and correct copy of all the evidence introduced in evidence during the trial of said case No. 13,678, and that the Court may consider the testimony and the copies of the exhibits contained in said case-made with the same force and effect as if the witnesses were present in court, and the original copies again submitted in evidence."

A jury was waived and the matter was submitted to the trial judge upon the record as made in the prior appeal according to the stipulation. Upon the submission of the same to the trial judge he rendered judgment finding the defendant guilty of having obtained property by false pretense, and judgment and sentence was pronounced against the defendant of three years in the State Penitentiary, which was the same punishment assessed by the jury at the former trial.

The present appeal was lodged in this court on October 17, 1951. On February 12, 1952, the state filed its motion to advance this cause on the docket, at which time no brief had been filed by the plaintiff in error, and no orders extending the time within which to file a brief herein.

An examination of the petition in error attached to the case-made in this appeal discloses that the assignments of error set forth therein were considered and passed upon by this court in the former appeal. It thus appears that the record in the two cases being the same and all the issues of law herein involved having been determined in the former appeal, Warren v. State, 93 Okla. Cr. 166, 226 P. 2d 320, that the within appeal is wholly without merit.

By reason of the foregoing facts this court is of the opinion that the request of the Attorney General for the advancement of the within appeal on the docket should be and hereby is granted, and the judgment and sentence herein entered should be and the same hereby is affirmed, incorporating herein by reference the pertinent parts of the opinion in Warren v. State, supra.

JONES and POWELL, JJ., concur.