Argued December 16, reversed December 30, 1959, petition for
rehearing denied January 26, 1960

# LILLY *v.* GLADDEN
348 P. 2d 1

*Robert G. Danielson*, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

*Duane R. Ertsgaard*, Salem, argued the cause and filed a brief for respondent.

O'CONNELL, J.

This is a proceeding for post-conviction relief under the Oregon Post-Conviction Hearing Act initiated in Marion county by the petition of plaintiff, who seeks release from the state penitentiary on the ground that he is unlawfully confined. The defendant demurred to the plaintiff's petition on the ground that it failed to state facts sufficient to constitute grounds for release. The trial court overruled the demurrer, decreed that the sentence entered by the circuit court for Lane county committing plaintiff to the state penitentiary was void, and ordered plaintiff discharged from the custody of the defendant and the Oregon state penitentiary. The defendant appeals from this judgment order of the Marion county circuit court.

On December 16, 1958, plaintiff was charged in an information filed by the district attorney for Lane county with the crime of Attempted Obtaining Money

and Property under False Pretenses. The material parts of the information were as follows:

"That said RAYMOND D. LILLY on the 19th day of November A.D., 1958 in the said County of Lane, State of Oregon, then and there being, did then and there wilfully and unlawfully, with intent to injure and defraud, falsely pretend to John W. Sweeney of Sweeney's Shell Service Station, 129 South A Street, Springfield, Oregon, that he, the said Raymond D. Lilly, had on deposit with the Springfield Main Branch of The First National Bank of Oregon, subject to check, the sum of $5.00 and that a certain bank check drawn on said bank for said sum of money, dated November 19, 1958, signed by the said Raymond D. Lilly and then and there delivered by him to John W. Sweeney of Sweeney's Shell Service Station, was a good and valid check for said sum of money, by means of which false token, false pretenses and fraudulent check the said defendant did then and there unlawfully and wilfully attempt to obtain from the said John W. Sweeney of Sweeney's Shell Service Station merchandise, to-wit: two gallons of gasoline, and the balance in lawful money of the United States of America; whereas, in truth and in fact, he, the said defendant did not then and there have on deposit in said bank, subject to check, the sum of $5.00 nor any sum whatsoever subject to check, and the said bank check was neither good nor valid, but was void and worthless, all of which the said defendant then and there well knew; contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

The information bears the notation indicating that the crime intended to be charged is defined in ORS 165.205.

On January 8, 1959, plaintiff was placed on probation with the Oregon State Parole Board for a period of two years. The probation was revoked on June 25th, 1959 and plaintiff was on that date sentenced to serve a term not to exceed two years in the penitentiary.

Plaintiff contends that the judgment of conviction and his imprisonment based thereon are void because the Oregon statutes relating to the conduct for which he was prosecuted and convicted permit the district attorney, the magistrate, or the grand jury to decide whether the crime charged will be a felony or misdemeanor, and that consequently there is a violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution and of Article I, § 20 of the Oregon Constitution.

Specifically, plaintiff argues that under the statutes as they existed when he was prosecuted if a person obtained property not exceeding $75 in value the district attorney could, at his discretion, elect to prosecute either under ORS 165.205 which would permit punishment by imprisonment up to five years in the penitentiary, or under ORS 164.310 which limits imprisonment to not more than one year in the county jail for such an offense. The principle relied upon is stated in *State v. Powell*, 212 Or 684, 321 P2d 333 (1958) where the court said:

> "It is established law that if there can be found no rational basis for distinguishing the acts committed by one person from the acts committed by another, the acts of one cannot be treated solely as a felony and the acts of the other solely as a misdemeanor. The equal protection clause of the Fourteenth Amendment prohibits such legislation. * * * [T]he same acts without distinguishing criteria must be as to all persons treated either as a felony or as a misdemeanor. They cannot constitute both. *State of Oregon v. Pirkey*, 203 Or 697, 281 P2d 698. This is not to be construed as prohibiting the right of a legislature to permit a trial court in its discretion to pass different sentences upon different offenders for the same crime." 212 Or at page 691.

See also *State v. Pirkey*, 203 Or 697, 281 P2d 698 (1955); *State v. Buck*, 200 Or 87, 262 P2d 495 (1953).

If, as plaintiff contends, the same act may be prosecuted either under ORS 165.205 or under ORS 164.310 the objection raised by him is well taken. We must determine, then, whether the statutes have this effect. The pertinent parts of ORS 164.310 read as follows:

"164.310. (1) Any person who steals the property of another, or who wilfully takes, carries, leads or drives away the property of another with the intent to deprive such other of such property permanently, *or who knowingly and designedly, by any false or fraudulent oral, written or other representation or pretense, defrauds another of property,* is guilty of larceny; and

"(a) If such property exceeds $75 in value, shall be punished upon conviction by imprisonment in the penitentiary for not more than 10 years.

"(b) If such property does not exceed $75 in value, shall be punished upon conviction by imprisonment in the county jail for not more than one year, or by a fine of not more than $500, or both." (Italics supplied)

The part of the statute shown in italics was added with other material by amendment in 1957 (Oregon Laws 1957, ch 653) and the same language was deleted by amendment in 1959 (Oregon Laws 1959, ch 302).

ORS 165.205 reads in part as follows:

"165.205. Obtaining property by false pretenses. (1) Any person who, by any false pretenses or any privity or false token, and with intent to defraud, obtains or attempts to obtain from any other person, any money or property, or who obtains or attempts to obtain with like intent the signature of any person to any writing, the false making of which would be punishable as forgery, shall be punished upon conviction by imprisonment in the penitentiary for

not more than five years, or by imprisonment in the county jail for not more than one year, or by a fine of not more than $500, or by both such fine and imprisonment."

Prior to the 1957 amendment of the larceny statute (ORS 164.310) there was no statutory provision expressly covering the case in which *possession* alone was obtained by false pretense. ORS 165.205 in making unlawful the obtaining of any money or *property* could perhaps be construed to include the obtaining of possession alone as well as title or title and possession, but such an interpretation would run counter to the well established distinction between the crimes of larceny and false pretenses, the latter crime arising only if the victim is induced to part with his ownership and not if possession alone is intended to pass. This distinction was recognized in *State v. Germain*, 54 Or 395, 103 P 521 (1909); *Beckwith v. Galice Mines Co.*, 50 Or 542, 93 P2d 453, 16 LRA NS 723 (1908); *State v. Ryan*, 47 Or 338, 82 P 703, 1 LRA NS 862 (1905). In the first case cited above the crime charged was obtaining property under false pretense. The court said:

"The first objection is to the sufficiency of the indictment. It is contended that the receipt shows on its face that the prosecutor, Clinesmith, did not part with the title to his money, but only with the possession of it, and that, as the crime of obtaining money under false pretenses is committed only when the injured party is induced to part with the title to his property, the indictment does not state facts sufficient to constitute a crime. The courts have held with practical unanimity that the crime for which the defendant was convicted is not committed unless the party defrauded is induced by the false pretense to part with the title to his property, and that the mere parting with the possession is not sufficient. *State v. Anderson, 47 Iowa, 142; Grun-*

. son v. State, 89 Ind. 533 (46 Am. Rep. 178); Miller v. Commonwealth, 78 Ky. 15 (39 Am. Rep. 194); People v. Rae, 66 Cal. 423 (6 Pac. 1: 56 Am. Rep. 102). In these and in many other cases the courts hold that when by means of fraud, trick, or artifice, the possession of property is obtained with felonious intent, and the title still remains in the owner, the crime is larceny; but if the title, as well as the possession, is parted with, the offense is that of obtaining money under false pretenses. The distinction is a very fine and technical one, and does not seem to be very substantial, but is very tenaciously adhered to by the courts." State v. Germain, 54 Or at page 399.

Since this court had recognized in the foregoing cases that the obtaining of the possession of goods but not the title to goods is within the crime of larceny, the 1957 amendment of ORS 164.310 was not necessary to include such a case within the statutory definition of larceny. However, by another section of our statutes the scope of the crime of false pretenses was limited and in doubt prior to the amendment in 1957.

Prior to the 1957 amendment last referred to ORS 136.560 provided as follows:

"136.560. False pretenses; proof of oral representation; personation of another. (1) Upon a trial for having by any false pretense obtained the signature of any person to any written instrument or obtained from any person any valuable thing, no evidence can be admitted of a false pretense expressed orally and unaccompanied by a false token or writing; but such pretense, or some note or memorandum thereof, must be in writing and either subscribed by or in the handwriting of the defendant. ·

"(2) This section does not apply to an action for falsely representing or personating another and in such assumed character receiving any such valuable thing."

By excluding evidence of *oral* false pretenses in obtaining from "any person any valuable thing," ORS 136.560 in practical effect limited the substantive crimes of false pretenses and larceny by trick to those cases which involved written representations or false tokens. This deficiency in the criminal law was dealt with in the 1957 session of the legislature by adding an amendment to subsection (2) of ORS 136.560 although, as we shall see later, the amendment was effective to obviate only a part of that deficiency. As amended by chapter 551, Oregon Laws 1957 this subsection read as follows (the italicized portion being the part added by the amendment):

"(2) This section does not apply to an action for falsely representing or personating another and in such assumed character receiving any such valuable thing, *or to an action brought under ORS 164.310 for defrauding any person of money or real or personal property by any false or fraudulent oral representation or pretense.*"

The part added by amendment was deleted by chapter 302, Oregon Laws 1959. As indicated above, the larceny amendment of 1957 was also deleted at the 1959 session.

It will be noted that the 1957 amendment to ORS 136.560, in stating the added exception to the proscription against admitting evidence of an oral pretense did not refer to ORS 165.205, the false pretense statute, but specifically limited the exception to cases under ORS 164.310, the larceny statute. We have no knowledge of anything in the legislative records or of the circumstances attendant upon the enactment of these amendments which would explain why subsection (2) of ORS 136.560 was not made applicable to ORS 165.205, a statute which was so closely related to the subject of oral pretenses dealt with in the amendment.

It is possible that the legislature regarded the language of the amendment to ORS 164.310 as sufficiently broad to embrace all cases involving false pretenses previously covered in ORS 165.205, but had this been the understanding it would be reasonable to expect ORS 165.205 to be amended so that the superseded portion of that statute would have been deleted. If the amendment of ORS 164.310 is regarded as embracing all cases of false pretenses, it would be possible, of course, to construe it as constituting an implied repeal of the provisions of ORS 165.205 covering the same subject matter. But we shall not adopt this construction.

■ In the first place, repeal by implication is not favored. *Noble v. Noble,* 164 Or 538, 103 P2d 293 (1940); *Webber v. Bailey,* 151 Or 488, 51 P2d 832 (1935); *State ex rel Pierce v. Slusher,* 119 Or 141, 248 P 358 (1926); Crawford, Statutory Construction, § 310; 1 Sutherland, Statutory Construction (3d ed) § 2014.

If we should treat ORS 165.205 as repealed in whole or in part by the amendment to ORS 164.310, the consequence would be that after the deletion in 1959 of the provisions relating to the crime of false pretenses from ORS 164.310 we would have no crime of false pretenses in this state after the effective date of the 1959 amendment because ORS 165.205, once repealed, would not be revived. ORS 174.080 provides that if a statute is repealed, either expressly or by implication, the repeal of the repealing statute will not revive the former statute. Consequently, if we should treat ORS 165.205 as partially repealed, the 1959 amendment removing the false pretenses provisions from ORS 164.310 would result in eliminating the crime of false pretenses from our law after the effective date of the 1959 amendment.

It is possible to construe ORS 174.080 to be in-

applicable to the legislative action to which we have just referred. There is authority which would support the position that ORS 174.080 is not applicable where the effect of an act is not to abrogate entirely a former act but to simply make it partially inoperative in the instances covered by the subsequent act. *Taylor v. State Compensation Commissioner*, 140 W Va 572, 86 SE2d 114 (1955); *People v. Mitchell*, 27 Cal2d 678, 166 P2d 10 (1946); *Peoria & E. Ry. Co. v. Wright*, 377 Ill 626, 37 NE2d 322 (1941); *People v. Sweitzer*, 266 Ill 459, 107 NE 902 (1915). By this interpretation of the statute, although the subsequent act would operate to vitiate a part of the former act and could, therefore, be deemed a partial repeal, it would nevertheless be regarded as an *amendment* rather than as a partial repeal and thus would fall outside of the purview of the statute which precludes automatic revival only in cases of repeal. 1 Sutherland, Statutory Construction (3d ed 1943) §§ 1901, 1913, 1922.

If we should construe ORS 174.080 to have this restricted operation, the 1959 deletion of the false pretenses provisions from the larceny statute would revive the provisions on false pretenses in ORS 165.205 and yet in the meantime ORS 164.310 would be regarded as embodying the definition of the crime of false pretenses previously covered by ORS 165.205.

But even though we should regard the provisions of ORS 165.205 relating to false pretenses as revived upon repeal of the 1957 amendment to ORS 164.310, there would still be obstacles to the construction that an implied repeal was effected. We would have to assume that the legislature, presented with the problem of amending the law relating to false pretenses, repealed the very section of our statutory law which specifically dealt with that crime, namely ORS 165.205

and placed the entire law of false pretenses in the larceny statute, which covers a crime traditionally contrasted with the crime of false pretenses. If the legislature had intended to merge the two crimes, (which has been done in some states, *see* Perkins on Criminal Law, p 272) certainly it would not have described the combined crimes in the language of ORS 164.310, and it is not likely that it would have left ORS 165.205 unamended as it did in making the 1957 amendments.

■ Finally, in exploring the possibility of finding that an implied repeal was effected, we must be guided by the well established rule of construction that such an implication will not be indulged in if the statutes involved can be harmonized. *Ulrich v. Lincoln Realty Co.*, 180 Or 380, 168 P2d 582, 175 P2d 149 (1946); *Webber v. Bailey*, supra; *State ex rel Harth v. Phipps*, 136 Or 454, 299 P 1009 (1931); 1 Sutherland, Statutory Construction (3d ed 1943) § 2014. The harmony sought for here is not necessarily a perfect symmetry of the statutes dealt with; it is sufficient if we arrive at a construction representing a reasonable consistency between the affected parts. We are somewhat in the same position as a surgeon dealing with a patient with a shattered leg; if he is presented with a choice between amputation or the preservation of the leg by shortening it he will choose the latter course of action, although his choice leaves the patient with serious difficulties. The idea of accepting the lesser of two evils in applying the rule of implied repeal is implicit in the following statement of the principle taken from 1 Sutherland, Statutory Construction (3d ed 1943) § 2014, pp 468-470:

> "* * * The bent of the rules of interpretation and construction is to give harmonious operation and effect to all of the acts upon a subject, where

such a construction is reasonably possible, even to the extent of superimposing a construction of consistency upon the apparent legislative intent to repeal, where two acts can, in fact, stand together and be given a coterminous operation. Where the repealing effect of a statute is doubtful, the statute is to be strictly construed to effectuate its *consistent* operation with previous legislation."

■ The question remains as to whether a reasonable consistency short of perfection can be found if we give effect to both ORS 164.310 as amended in 1957 and ORS 165.205 in dealing with the crime of false pretenses. We think that such consistency can be found by regarding the amendment to the larceny statute as an amendment germane only to the crime of larceny and leaving the crime of false pretenses covered in ORS 165.205 unaffected by the amendment. In terms of the conduct necessary to constitute a crime under the respective sections, ORS 165.205 would be violated only if the victim parted with ownership as a result of the false pretense, whereas ORS 164.310 would be violated if possession only—not title—was acquired by false pretense. Thus, if an owner were induced by trick to bail his automobile to the accused, the latter would be guilty of larceny by trick under ORS 164.310; on the other hand, if an owner were induced to give the defrauder a bill of sale to the automobile, the crime would be defined in ORS 165.205. This is the distinction already recognized by this court in the cases referred to above. See, e.g., *State v. Germain,* 54 Or 395, 103 P 521 (1909). The fact that larceny by trick was recognized in these early cases without the aid of statute may be pointed to as a reason for explaining the amendment to ORS 164.310 on some other basis. But that argument loses much of its force when it is realized that in other states where larceny by trick was

recognized as within the definition of larceny without the aid of legislation, statutes have been passed expressly defining larceny in terms of obtaining possession of goods by false pretenses. In those and other states the distinction between obtaining title and obtaining possession only is recognized as the dividing line between larceny and false pretenses.

In construing our statutes to express this distinction between larceny by trick and the crime of false pretenses we realize that the statutory law relating to the crimes based upon false pretenses is left imperfect. Thus, it will be noted that by applying ORS 136.560 only to ORS 164.310 as we interpret the latter section, one who obtains possession only—not title—by an oral representation or pretense commits the crime of larceny by trick; but one who obtains *title* by an oral representation or pretense is not punishable under either ORS 164.310 or ORS 165.205, because the act is not larceny under the former statute, and the pretense being oral it cannot be admitted into evidence because of the proscription in ORS 136.560, the exception in subsection (2) of that statute relating only to the crime of larceny and not to the crime of false pretenses.

The construction we have placed upon the statutes in question is predicated upon the distinction between unlawfully obtaining the title to property and obtaining possession only. We do not propose to discuss the validity of the logic which treats as larceny the act of obtaining possession of a chattel by false pretenses, and on the other hand treats as a separate crime of false pretenses the act of obtaining title or title and possession. Tenuous as it may be, the distinction existed at the time legislative action was taken in amending ORS 164.310 and ORS 136.560 in 1957, and we

may assume that the legislature recognized the distinction at the time it took such action.

There is some evidence to support this conclusion. Apparently, the changes made in 1957 were the result of a recommendation of the Oregon state bar committee on criminal law and procedure. The report of that committee, published in the 1956 Oregon State Bar Committee Reports, page 8 contains the following recommendation of the committee:

"4. That ORS 136.560 be amended so as not to require proof in writing of a false and fraudulent oral representation by means of which the crime of larceny is perpetrated. See Exhibit D.

\* \* \* \* \*

"EXHIBIT D

"Be It Enacted By The People of the State of Oregon.

"Section 1. That ORS 136.560 is amended to read as follows:

"136.560 (2) This section does not apply to an action *brought under ORS 164.310 for defrauding any person of money or real or personal property by any false or fraudulent oral representation or pretense,* or for falsely representing or personating another, and in such assumed character receiving any such valuable thing."

It will be noted that the committee does not recommend that the law of false pretenses be amended, but limits its recommendation to cases where there is an oral representation "by means of which the *crime of larceny* is perpetrated." (Emphasis supplied)

The suggested bill prepared by the committee also called for the amendment of the larceny statute and made no mention of ORS 165.205. It is possible that the failure of the committee to make reference to the

crime of false pretenses was an inadvertence, but we have no knowledge, judicially or otherwise, that such was the case. In the circumstances under which the proposal was made by the bar and considering the manner in which the legislature dealt with the statutes in making the amendments, it does not appear unreasonable to assume, as we have, that the 1957 amendments were intended to modify the law of larceny only and to leave unaffected the provisions of ORS 165.205.

■ We hold, therefore, that it was proper to prosecute and convict and sentence the plaintiff under ORS 165.205 for obtaining property under false pretense, even though the value of the property obtained did not exceed $75 in value.

■ It is plaintiff's contention that the similarity in language in ORS 164.310 and 165.205 relating to the act of obtaining goods by false pretenses renders the two sections vague and uncertain in that men of ordinary intelligence, upon reading the two sections, would conclude that they both prohibit the same offense. *State of Oregon v. Pirkey*, 203 Or 697, 281 P2d 698 (1955); *State v. Buck*, 200 Or 87, 135, 262 P2d 495 (1953) (concurring opinion); *State v. Anthony*, 179 Or 282, 169 P2d 587 (1946), cert. den., *Anthony v. Oregon*, 330 US 826, 67 S Ct 865, 91 L Ed 1276 (1947). It is pointed out that both statutes purport to make unlawful the act of obtaining property by false pretenses. This is true, but the language of each statute must be read in the whole context in which it is used and with reference to accepted legal categories which are familiar to those trained in the law. When the statutes are read in this manner it is apparent that ORS 164.310 is designed to cover the crime of larceny and ORS 165.205 the crime of false pretenses. ORS 164.310 clearly states that if certain acts are done,

including the act of defrauding another of property, the actor "is guilty of larceny." Since it is well established that larceny is not committed when false pretenses induce the victim to pass title to the defrauder, it is obvious that the word "property" in the statute must be interpreted to mean "possession." By the same token, since we know that the crime of false pretenses is not committed where possession only is obtained, we must interpret the word property in that section to mean "the title to property." Our interpretation of the larceny statute is aided by the rule that where the name of an offense known to the common law is referred to in a statute, the statute may be construed in light of the common law definition of the crime so named. *See State v. Anthony,* supra.

 If, through the use of the word "property" in the information the plaintiff was unable to determine whether a crime was charged under ORS 164.310 or under ORS 165.205, he had the opportunity to demur to the information on that ground. *State v. Du Bois,* 175 Or 341, 153 P2d 521 (1944); *State v. Estabrook,* 162 Or 476, 91 P2d 838 (1939); *State v. Briggen,* 112 Or 681, 231 P 125 (1924). The failure to demur to the information under such circumstances constitutes a waiver of the defect. *State v. Du Bois,* supra; *State v. Estabrook,* supra; *State v. Goodall,* 82 Or 329, 160 P 595 (1916); *State v. Taylor,* 65 Or 266, 132 P 713 (1913); *State v. Kline,* 50 Or 426, 93 P 237 (1907). This method of procedure by which the accused can attack an indefinite information or indictment satisfies the constitutional requirement that he be informed of the charge against him. In *State v. Smith,* 182 Or 497, 507, 508, 188 P2d 998 (1948) the court said:

"Section 11 of the bill of rights (Art. I, section 11, Oregon Constitution) provides that, in all crimi-

nal prosecutions, the accused shall have the right to demand the nature and cause of the accusation against him. The opportunity which the statute gives an accused to question the sufficiency of an indictment as to definiteness and certainty, by demurrer on the ground that it does not conform to the provisions of chapter 7 of Title 26 of the Code (sections 26-701 to 26-722 inclusive, O.C.L.A.), meets the requirements of the bill of rights in this respect. If he fails to avail himself of that opportunity, he cannot complain afterwards. *People v. Bogdanoff,* * * * (254 N.Y. 16, 171 N.E. 890, 69 A.L.R. 1378). The failure of the indictment to set forth the particular acts constituting the offense charged is waived by not making timely objection thereto, as, for example, by failing to demur upon that ground before pleading to the merits. 42 C.J.S., Indictments and Informations, section 307; *Case v. United States* (C.C.A. Or.) 6 F. (2d) 530."

It is our opinion that the plaintiff was lawfully convicted and that his sentence was lawfully imposed. Therefore, the demurrer interposed by the defendant should have been sustained. The judgment of the lower court in overruling the defendant's demurrer is reversed. The cause is remanded with directions to sustain the demurrer and to return plaintiff to the custody of defendant.