STATE OF IOWA, appellee, v. RICHARD SABINS, appellant.

No. 51196.

(Reported in 127 N.W.2d 107)

MARCH 10, 1964.

Harold D. Vietor, of Cedar Rapids, for appellant.

Evan L. Hultman, Attorney General, John H. Allen, As-

sistant Attorney General, both of Des Moines, and Jack M. Fulton, Linn County Attorney, for appellee.

STUART, J.—This defendant accomplished the rare feat of outselling an automobile salesman. By inflating the salesman's ego and falsely representing his finances and condition of employment, he obtained delivery of a 1957 Buick in return for a check on a nonexisting bank account to be exchanged the following morning for a cash bonus from Quaker Oats where he was not even employed. When defendant failed to show up the next morning, the salesman made inquiries which disclosed the falsity of defendant's representations. Defendant had signed the application for a certificate of title, but the owner took no action to complete the transfer of the title certificate and a new certificate was never received by defendant. The automobile was never returned. Defendant was tried and convicted of obtaining property by false pretenses, section 713.1, Code of Iowa, and has appealed assigning three errors.

I. We find it necessary to consider only defendant's first assignment of error in which he claims the verdict is contrary to the law and evidence since the State failed to prove defendant obtained title to the automobile, an essential element of the crime of false pretenses. Defendant argues that title to an automobile can be transferred only by a certificate of title executed and delivered in accordance with the provisions of section 321.45, subsections (2) and (3) of the Code, and cites as authority our recent decisions in Varvaris v. Varvaris, 255 Iowa 800, 804, 124 N.W.2d 163, 165, and Calhoun v. Farm Bureau Mutual Ins. Co., 255 Iowa 1375, 1384, 125 N.W.2d 121. This proposition was raised by a motion for directed verdict, a requested instruction, exceptions to the court's instructions and a motion for new trial. We agree with defendant's contentions.

While it seems obvious that this evidence should be sufficient to support a conviction of some crime, it is a basic rule of criminal law that statutes are to be strictly construed against the State and the burden is upon the State to prove every element of the specific crime charged. State v. Burns, 181 Iowa 1098, 165 N.W. 346; State v. Hansen, 244 Iowa 145, 147, 55

N.W.2d 923. The evidence would support a conviction of larceny by trick, but failure to prove the transfer of title to defendant is fatal to a conviction of obtaining property by false pretenses.

 Larceny by trick and false pretenses have long been separate crimes. Larceny is one of the oldest crimes known to common law. It was founded upon a trespass against the possessory rights of the victim. When a person was persuaded by fraud to part with the possession of personal property, the fraud vitiated his consent and the offender could be convicted of larceny by trick. At common law a fraud, no matter how gross, in which the offender obtained title as well as possession, could not be punished as a crime when it was calculated to mislead only the individual defrauded. To fill this gap in the common law, a statute was enacted in England in 1757 which has given us the main structure for our modern law of false pretenses. Since trespass against possessory rights only was already a crime at common law, false pretenses applied only to acts in which title as well as possession was obtained. Perkins on Criminal Law, 249, 250; 9 Iowa Law Bulletin, 204–210. This distinction has existed ever since and is preserved in our criminal Code which defines larceny in section 709.1 and false pretenses in section 713.1.

The Iowa cases have consistently recognized this distinction. In State v. Dobbins, 152 Iowa 632, 637, 132 N.W. 805, 42 L. R. A., N. S., 735, defendant, charged with larceny, contended the victim "in passing his money to the stakeholder intended to part with his title thereto, and that, if such be the case, there was no larceny, but the offense, if any, was that of cheating by false pretenses." We did not challenge the accuracy of his proposition, but held there was evidence to support a finding he did not intend to part with title. We recognized the two distinct crimes saying: "It is true that larceny and cheating by false pretenses are distinct offenses, and that under a charge of one of these crimes the accused cannot rightfully be convicted upon proof of the other. State v. Loser, 132 Iowa 419, 104 N.W. 337."

In State v. Chamberlain, 215 Iowa 273, 275, 245 N.W. 277, 278, we said:

"One of the major propositions involved in this appeal is whether or not, under a record of this kind, the defendant is guilty of larceny. While the crime of larceny and obtaining property by false pretenses lie very close together, they are distinguishable, and more so under the statutes of the State of Iowa, which provide a separate punishment for each, * * *.

"As applied to the fact situation before us, it is evident beyond peradventure that, when this $3500 was paid by Larsen to the defendant, it was his intention and he did in fact part not only with possession of the property, but also the title thereto, and it was his intention so to do. This being true, if defendant was guilty of any crime, it was that of obtaining this money by false pretense and not larceny. It is apparent, therefore, that the defendant was wrongfully convicted of the charge of larceny and, therefore, his motion for a directed verdict should have been sustained."

■ The State concedes transfer of title is an essential element in the crime of false pretenses but contends the test of whether title was transferred is a subjective test based upon the intent of the victim. Cases are cited which so state. State v. Loser, supra; State v. Reysa, 198 Iowa 496, 505, 199 N.W. 1000, 1004; State v. Quinn, 245 Iowa 846, 64 N.W.2d 323, 43 A. L. R.2d 1240; State v. Chamberlain, 215 Iowa 273, 245 N.W. 277.

We say in State v. Reysa, 198 Iowa 496, 504, 199 N.W. 1000: "Counsel for appellant urge that the offense committed, if any, as shown by the evidence, was not the offense defined by Code section 5041, but was larceny or embezzlement; because in 'cheating', the offense defined by section 5041, the accused must not only obtain possession of, but must also obtain ownership and title to, the property involved, even though the title so obtained is voidable. The distinction drawn by counsel between the offenses mentioned is undoubtedly correct. State v. Dobbins, 152 Iowa 632; State v. Loser, 132 Iowa 419. It is also the rule that the intention and understanding of the prosecutor is the governing factor as to whether both title and possession, or possession only, pass under the transaction involved. State v. Dobbins, supra; State v. Loser, supra."

■ In State v. Loser, 132 Iowa 419, 427, 104 N.W. 337, we state: "But in view of the allegations of the indictment and the charge as given by the court, it was important that the crimes of larceny and of cheating by false pretenses be clearly distinguished. That there is a distinction between the two is apparent, although they are in some respects similar in character. The distinction is this: If the false pretenses induce the owner to part with his property, intending to transfer both title and possession, the crime is cheating by false pretenses. If, on the other hand, one by fraud, trick, or false pretense induces the owner to part merely with the possession of his property, there being no intent to pass the title, and the party who receives it took it with intent fraudulently to convert it to his own use, the crime is larceny. State v. Edwards, 51 W. Va. 220 (41 S.E. 429, 59 L. R. A. 465); State v. Hall, 76 Iowa 85; People v. Morse, 99 N. Y. 662 (2 N.E. 45). The distinction depends largely, if not wholly, upon the intent of the prosecutor. State v. Anderson, 47 Iowa 142; State v. Hall, supra; People v. Rae, 66 Cal. 423 (6 Pac. 1, 56 Am. Rep. 102); 1 Wharton, Criminal Law, section 1179; Loomis v. People, 67 N. Y. 329 (23 Am. Rep. 123)."

■ None of the Iowa cases departs from the historical requirement that title as well as possession be transferred to convict of the crime of false pretenses. They do, however, make the subjective intent of the victim the important test in determining whether title was transferred. In almost all instances this is a sound and reliable test, because title to most personal property can be transferred without any documents of title and there is no way to determine whether title passed with possession except by examining the subjective intent of the victim. The true element required for the crime, however, remains the actual transfer of title and there are exceptions to the general rule. Perkins recognized this fact in his treatise on Criminal Law, pages 260, 261, in which he states:

"The distinction between false pretenses and larceny by fraud is often said to depend upon the intent of the one defrauded. The former offense is said to result if he intends to pass title as well as possession, but the offense is larceny if his intent is to pass possession only. This statement is correct inso-

far as the facts of the ordinary case are concerned because title will not pass unless the owner so intends. On the other hand an intent to pass title may be ineffective in an unusual case, as where one fraudulently uses the name of another in correspondence and thereby causes goods to be sent with intent to pass title to one who has not asked for them. In such a case the offense is larceny despite the victim's intent to pass title."

To this example may be added instances like the present one in which the legislature has specifically provided the method by which title is to be transferred.

The writer of the note found in 9 Iowa Law Bulletin, 204, gives other instances in which a party may be found guilty of larceny "even when the purpose in view at the time of the delivery was to effect a transfer of title", page 209, and concludes on page 210:

"A multiplication of examples can serve no purpose, for it appears to be the law by the best of authority that the mere intent of the owner to pass title at the time the goods are delivered is not the sole element to be considered in determining whether, as a matter of law, a sale is made. It is therefore, submitted that the true ground for distinguishing between larceny by trick and obtaining property by false pretenses, is not, whether or not the owner delivered the goods with the intent to pass title, but whether or not, as a matter of law, title did pass to the defendant.

"The very term, 'obtaining property', indicates the obtaining of a property interest. 'Property' is defined by Bouvier as a right to 'sole and despotic dominion.' A mere possessory right cannot be conceived to be a property interest in the technical sense of the term.

"It is submitted that in the consideration of this problem the first thing to be determined is whether or not, as a matter of law, the fraudulent party obtained title to the goods."

██ ██ It is the actual obtaining of title to the property which is the necessary element of the crime of obtaining property by false pretenses. A good test for determining if title passed is "the question whether the offender can confer good

title on another by the sale and delivery of the property. If he can, the crime is obtaining property by false pretenses; if he cannot, the crime is larceny." 22 Am. Jur. 447, False Pretenses, section 3. In most instances we must look to the subjective intent of the victim to determine if he parted with title as well as possession. Here, the law clearly spells out the manner in which title to an automobile is to be transferred. The statutory requirements were not complied with and defendant did not obtain title to the automobile. It therefore follows that the State failed to prove one of the essential elements of the crime of obtaining property by false pretenses and defendant's conviction of that crime must be reversed.—Reversed.

All JUSTICES concur.