Argued May 4, affirmed May 26, 1965

# STATE OF OREGON *v.* THOMPSON
402 P. 2d 243

*Thomas F. Young*, Baker, argued the cause and filed the brief for appellant.

*Jesse R. Himmelsbach, Jr.*, District Attorney for Baker County, argued the cause and filed the brief for respondent.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

The defendant was convicted of the crime of larceny by trick and has appealed.

On the 18th day of April, 1962, defendant purported to purchase a new automobile from the prosecuting witness, a dealer, and was given its possession. He gave therefor a worthless check in the sum of $450 and executed for the balance a conditional sales contract upon which he made no payments. He used the name W. D. Thompson instead of his actual name which was James Dale Thompson.

The defendant first challenges his conviction on the ground that his motion for a dismissal of the indictment was improperly denied. The basis for the motion was the state's failure to bring the case to trial within a reasonable time as provided by ORS

134.120 and Article I, Section 10 of the Oregon Constitution. The indictment was returned June 20, 1962. The trial date was May 27, 1964. Defendant's affidavit filed in support of the motion recites that on April 18, 1962, the date he obtained the car, he moved from the city of Baker to Boise, Idaho. He stayed there until April 23, 1962, when he moved to Las Vegas, Nevada where he has since resided. He was extradited on April 12, 1964, from the state of Nevada to answer this charge.

*State v. Gardner*, 233 Or 252, at page 256, 377 P2d 919, with reference to what constitutes a reasonable time, states as follows:

> "A 'reasonable time' is 'such length of time as may reasonably be allowed or required having regard to attending circumstances.' * * * "

Defendant's affidavit admits that he was continuously absent from the state until his extradition date. There is no showing that the authorities knew of his location. The defendant could not be prosecuted while he was absent from the state. This assignment of error is without merit.

Defendant's second claim of error is based upon the court's denial of his motion for a postponement of his trial. Defendant was arraigned April 13. His trial was first set for May 11. A postponement was requested and granted, the case being reset for trial on May 27. On May 25 an additional delay was requested and refused. It is this denial which is assigned as error.

■ Defendant's affidavit in support of his motion alleged that he needed time to accumulate funds to reimburse the complaining witness and to hire counsel.

that two witnesses who would testify that the automobile in question had been stolen from defendant and as to defendant's character would not be available until the latter part of June. No showing was made as to what efforts had been made to have the witnesses available on the day set for trial or as to the reasons for their unavailability. The possible reimbursement of the complaining witness and the theft of the car from defendant are absolutely irrelevant. The state was providing defendant with counsel. The trial court did not abuse its discretion in failing to grant a second postponement because of defendant's difficulty in securing character witnesses.

■ Defendant next contends that the court erred in failing to grant a mistrial. During a recess the complaining witness accused defendant and one of defendant's witnesses of being liars. The complaining witness also commented about the length of time and the manner in which he conducted his business. These comments took place in the corridor on which the jury room opened. The jury room door was open and the defendant was standing reasonably close to it. After the occurrence was called to the court's attention each juror was asked if he had overheard any remarks made during the recess by the prosecuting witness and each juror stated that he had not. Under the circumstances we cannot say the trial judge abused his discretion in denying the motion.

Defendant's final assignment of error is that the evidence does not support conviction of the crime for which he was indicted and tried, and therefore his motion for a judgment of acquittal was erroneously denied. Defendant argues that because he became the equitable owner of the automobile under the conditional contract of sale title in fact passed and he could be

guilty only of obtaining property by false pretenses under ORS 165.205 and not larceny under ORS 164.310. He relies on the following statement from *Lilly v. Gladden,* 220 Or 84, 96, 348 P2d 1:

"* * * In terms of the conduct necessary to constitute a crime under the respective sections, ORS 165.205 would be violated only if the victim parted with ownership as a result of the false pretense, whereas ORS 164.310 would be violated if possession only—not title—was acquired by false pretense. Thus, if an owner were induced by trick to bail his automobile to the accused, the latter would be guilty of larceny by trick under ORS 164.310; on the other hand, if an owner were induced to give the defrauder a bill of sale to the automobile, the crime would be defined in ORS 165.205. * * *"

In discussing the problem the following statement is confer good title upon another by sale and delivery found in 32 Am Jur, Larceny, § 7, page 893:

"* * * the nature of the offense in a particular case where possession of goods or money is obtained by fraud is determinable by solution of the question whether the owner, in parting with possession, intended to part with his title also. * * *"

■ The prosecuting witness retained legal title. There was a legitimate purpose in so doing—security. For that reason it was the intention of the parties that legal title would not pass. One test for distinguishing between larceny and obtaining property by false pretenses is to determine whether the offender could confer good title upon another by sale and delivery of the property. *Johnson v. State,* 222 Ind 473, 54 NE2d 273, 276, 1944; 32 Am Jur, Larceny, § 7, page 893; *State v. Sabins,* — Iowa —, 127 NW2d 107, 110 (1964). Title was retained by the complaining witness specifically to prevent such a transfer of title by a purchaser until full payment had been secured.

In *State v. Sabins,* supra, a judgment of conviction for obtaining property by false pretenses was set aside because title had not passed. There possession of an automobile had been secured by giving a worthless check. The court stated as follows:

> "Larceny by trick and false pretenses have long been separate crimes. Larceny is one of the oldest crimes known to common law. It was founded upon a trespass against the possessory rights of the victim. When a person was persuaded by fraud to part with the possession of personal property, the fraud vitiated his consent and the offender could be convicted of larceny by trick. At common law a fraud, no matter how gross, in which the offender obtained title as well as possession, could not be punished as a crime when it was calculated to mislead only the individual defrauded. To fill this gap in the common law, a statute was enacted in England in 1757 which has given us the main structure for our modern law of false pretenses. Since trespass against possessory rights only was already a crime at common law, false pretenses applied only to acts in which title as well as possession was obtained. * * *"

None of defendant's contentions is meritorious.

The judgment of conviction is affirmed.

DENECKE, J., specially concurring.

This case is another illustration of the need for a comprehensive theft statute. Oregon laws on the criminal taking of property are patterned after the English laws of 200 years ago. Laboring under these antiquities courts are required to make tenuous distinctions in order to affirm convictions of defendants whom juries have found guilty of criminal conduct.