Glenn NEEL, Robert Broyles, and Richard Broyles, Appellants (Defendants below),

v.

The STATE of Wyoming, Appellee (Plaintiff below).

No. 3715.

Supreme Court of Wyoming.

May 16, 1969.

Fred Phifer, Wheatland, William S. Padley, Ogallala, Neb., for appellants.

## ON PETITION FOR REHEARING

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

In Neel v. State, Wyo., 452 P.2d 203, we affirmed the conviction of defendants on a charge of grand larceny. They have petitioned for rehearing, asserting they were not proved guilty of a theft; that if they were to be charged with any crime, it should have been the crime of obtaining property under false pretenses; and that the evidence necessary to prove the charge of obtaining property under false pretenses is different from the evidence required to prove the charge of theft.

It is well settled that where a person by trick or fraud obtains possession of property intending at the time of obtaining the property to convert it to his own use, and does so convert it, the fraud is the equivalent of a felonious taking and the offense is larceny. Annotation 26 A.L.R. 381, 382. In the instant case the jury was expressly instructed to this effect.

Our grand larceny statute, § 6–132, W.S. 1957, appears to have been taken from the laws of Indiana, and that state has repeatedly held possession of property obtained by fraud with the intent to steal the same constitutes larceny when there is a felonious appropriation. See Huber v. State, 57 Ind. 341, 346, 26 Am.Rep. 57 (an opinion rendered prior to the enactment of our grand larceny statute in 1890); Bradley v. State, 165 Ind. 397, 75 N.E. 873, 874; and Johnson v. State, 222 Ind. 473, 54 N.E.2d 273, 276.

In "larceny" owner of the property has no intention to part with title therein *to the person taking it* although he may intend to part with possession, while in "false pretenses" owner intends to part with both his possession and title but such are obtained from him by fraud. Warren v. State, 93 Okl.Cr. 166, 226 P.2d 320, 324; 95 Okl.Cr. 160, 241 P.2d 410; People v. Santora, 51 Cal.App.2d 707, 125 P.2d 606, 608. See also Johnson v. State, supra.

■ If only the possession of the thing of value is obtained and it is *then* converted by the accused, the crime involved is larceny and not false pretense. Zarate v. People, Colo., 429 P.2d 309, 311. Otherwise stated, one test for distinguishing between larceny and obtaining property by false pretenses is to determine whether the offender could confer good title upon another by sale and delivery of the property. If he could not, the offense is larceny. State v. Thompson, 240 Or. 468, 402 P.2d 243, 245.

■ In the case we are concerned with, Ted Munn, manager of the Tri-County Elevator in Chugwater, Wyoming, thought he was delivering grain to persons who were going to take it to Larry Morgan of Farmer's Elevator Company at Sterling, Colorado. Munn did not intend to transfer title to the property over to the defendant-truck drivers.

Having received the grain, supposedly for Morgan, the defendants could not confer good title upon another by sale and delivery of the property to some person or persons other than Morgan. Also, defendants having intended to convert the grain after receiving *possession* from Munn, and having *so converted it*, they were guilty of larceny.

Rehearing denied.